TRAER v. STUART.

1. **Contract:** CONDITION PRECEDENT: PROMISSORY NOTE. Where by the terms of a promissory note the payer undertook to pay a certain sum to a railroad company two years after its trains should be running to a point specified, in consideration of the construction of the road and the opening of a certain street within sixty days, *held* that the failure to construct the road and open the street within sixty days did not release the payer from his obligation of payment.

*Appeal from Tama District Court.*

FRIDAY, APRIL 20.

ACTION upon a promissory note in these words:

"TRAER, IOWA, October 10th A. D. 1872.

"In consideration of the building of the Western Division of the Burlington, Cedar Rapids & Minnesota Railway, from the city of Vinton westerly, and the opening of Main street in Traer within 60 days from date, and for value received, I promise to pay to said railway company or order one hundred dollars, at the company's office, two years after the iron is laid, and the cars running upon said branch road to the depot at Traer, with ten per cent interest after the iron is so laid.

(Signed.)                                      JOHN STUART."

The petition alleges the assignment of the note to plaintiff, and the performance of the conditions therein contained. The answer alleges that the note was given by defendant as a donation to the railroad company, the only consideration being the building of its road. It further alleges that the railroad was not built as provided in the note, nor was Main street in Traer opened within sixty days from the date of the contract. To defendant's answer the plaintiff demurred on the ground that it presents no defense to the action, as it fails to show that the conditions pleaded, by the terms of the contract, are precedent to the obligation of defendant. The demurrer was sustained,

and defendant standing on his answer judgment was rendered for plaintiff. The defendant appeals.

*Stivers & Safley*, for appellant.

*Struble & Goodrich*, for appellee.

BECK, J.—The question involved in this case, whether the building of the railroad and opening of the street within sixty days was a condition precedent to defendant's obligation, is to be determined with but little aid from rules recognized by the authorities. The case, as most others wherein a like question is involved, must be determined upon its own peculiar facts. We are of the opinion that plaintiff's obligation to build the road and open the street within sixty days after the date of the instrument is not to be regarded as a condition precedent to defendant's contract. Such an intention of the parties, it seems to us, is clearly indicated in the fact that a time certain is not provided for payment by defendant, but it is fixed at two years after the iron is laid and the cars running upon the road. This, to our mind, indicates that the condition to build the road in sixty days, and the agreement of plaintiff to pay within two years after the building, are independent covenants. The time of the performance by defendant was not made dependent upon the time agreed upon for the building of the road but upon the time it should be actually completed. The parties must have intended the building of the road, without regard to the time specified for its completion, to constitute the condition which should determine defendant's liability. No words are to be found in the contract indicating a different intention. The case is not unlike *Davis & Co. v. Cobban*, 39 Iowa, 392.

1. CONTRACT: condition precedent: promissory note.

AFFIRMED.