## T. S. GARRISON v. J. M. COOKE.

### No. 1179. Decided February 16, 1903.

**1.—Contract—Time of the Essence.**

Where a contract is to be performed on condition of performance of certain things by the promisee within a named period, time is generally of the essence of the contract. (P. 231.)

**2.—Same—Subscription to Railway—Completion of Road.**

A promise to pay money in aid of the construction of a railway, in consideration of its completion within a fixed time, is not enforcible if the road was not completed within the time named; especially where the parties, by granting an extension of time (within which it was still not finished) have treated time as of the essence. (Pp. 230-233.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Panola County.

*Blount & Garrison,* for appellant.—The defendant, J. W. Cooke, having subscribed the sum of $350 to the plaintiff for the purpose of inducing the plaintiff to build a railroad from the town of Timpson to the town of Carthage by the 1st day of October, 1899, was liable to the plaintiff for the amount of his subscription, although said railroad was not completed at the time stated in said written subscription, and the defendant was entitled to have any offsets to his subscription by reason of any damage that he might have sustained by reason of the failure of the plaintiff to get the road to Carthage on or about the 1st day of October, 1898. Traer v. Stuart, 46 Iowa, 15; Front St., etc., Railway Co. v. Butler, 50 Cal., 574; Seley v. Railway Co., 2 Willson Civ. Cas., 87; 23 S. W. Rep., 552; Brown v. Guaranty T. & S. D. Co., 128 U. S., 403; 26 Wheat. (U. S.), 528; 22 How. (U. S.), 28; Holgate v. Eaton, 116 U. S., 33; Williams v. Fort Worth Railway Co., 82 Texas, 561.

*H. N. Nelson, W. R. Anderson, J. H. Long,* and *J. G. Woolworth,* for appellee.—Where a party contracts to perform certain work or labor in a specified time and manner, the time is as much the essence of the contract as the manner in which the work was to be done. If there was an agreement in the first instance as to the time within which the railroad was to be built and no waiver of it, then at law time was of the essence of the contract; where time is of the essence of the contract, there can be no recovery at law in case of failure to perform within the time stipulated in an action at law. When the question is whether a party performed a contract requiring that performance shall be made within a certain time the courts can not say that is immaterial which the parties by their contract have made material. Batsell v. St. Louis A. & T. Railway Co., 4 Texas Civ. App., 584; McFarland v. Lyon, 4 Texas Civ. App., 589; Beach on Contracts,

secs. 616, 618; Morrison v. Wells, 48 Kan., 494; Pickering v. Greenwood, 114 Mass., 479; State v. Emerson, 19 Hand, 224; Hill v. School Dist., 17 Me., 316.

*Spencer & Scott,* also for appellee.—The construction of the railroad and its operation as contemplated in appellee's subscription were not matters in which he had any property right or other immediate interest or concern; he could neither control, accept or reject it. His indirect interest in the work entitled appellant to make no demand on him whatever; his contract of subscription was purely voluntary and could only become binding on him on performance of such conditions as he chose to impose on it; his obligation, if any, is purely one at law dependent upon a condition precedent wherein time is named as a material element; the acknowledged failure of appellee to perform this condition precedent within the specified time bars all action at law on the contract, and there is no ground for equitable interference to relieve appellant against the consequences of his default in proceeding to earn appellee's bounty. Low v. Studebaker, 110 Ind., 57; Moore v. Campbell, 111 Ind., 328; B. & M. Railway Co. v. Boestler, 15 Iowa, 555; Persinger v. Bevill, 31 Fla., 364; Indianapolis, etc., Railway Co. v. Holmes, 101 Ind., 348; Thompson v. Oliver, 18 Iowa, 417; Lawrence v. Smith, 57 Iowa, 701; V. B. Div., T. & S. H. Railway Co. v. Lamphear, 54 Mich., 575; Port Huron & N. W. Railway Co. v. Richards, 90 Mich., 577; Missouri P. Railway Co. v. Levy, 17 Mo. App., 501; Yeatman v. Broadwell, 1 La. Ann., 424; Bohn Mfg. Co. v. Lewis, 45 Minn., 164; Sickels v. Anderson, 63 Mich., 421; Brown v. Dibble, 65 Mich., 520.

Parties need not in express language state in their contracts that the time of performance is of the essence of the contract in order to make it so. It is sufficient if from the nature and substance of the contract it is apparent that time was regarded as essential. Edwards v. Atkinson, 14 Texas, 376.

In this connection it is pertinent to observe that the conduct of the parties themselves in the case at bar, in enlarging the time for performance after the expiration of the time originally fixed for the performance of the contract in question, shows that time was regarded as of the essence of the contract; for why should it be enlarged by agreement if the substance of the contract as already framed did not make the original time for the performance an essential feature of the entire contract?

It has been held, and properly, that time is always essential in the case of unilateral contracts; that is, wherever one party has the privilege of doing a certain thing or earning a certain consideration within a stipulated time and the other party has no power to compel him to do so or hold him to account for not doing so. Presidio Mining Co. v. Bullis, 68 Texas, 590; Edwards v. Atkinson, 14 Texas, 373; Houston v. Newsome, 82 Texas, 80.

GAINES, Chief Justice.—The following questions have been certified for our determination: .

"In this cause, now pending before this court on motion for rehearing, we are advised that a number of other claims of a like nature growing out of the same transaction are dependent upon the result of this case, and for that reason, and because this court is not unanimous in the conclusion already reached to affirm the judgment and are in doubt as to the correctness of our judgment, we certify for your decision the questions hereafter set out.

"The facts as disclosed by the record are as follows:

"Some time in the spring of 1898, T. S. Garrison, the appellant, induced J. W. Cooke and other citizens of Carthage, Texas, to execute and deliver to him the following instruments with the amount for which each was to be bound set opposite the respective signatures:

" 'The State of Texas, Panola County. Know all men by these presents that we and each of us whose names are subscribed below, for and in consideration of T. S. Garrison constructing, equipping and operating a line of railroad from Timpson, Shelby County, Texas, to Carthage, Panola County, Texas, and the running of daily trains between said points for the accommodation of freight and passenger traffic on or before the 1st day of October, 1898, agree to pay the amounts set opposite our respective names to such persons as said T. S. Garrison designates, said amounts to be paid when the road is completed and daily trains are running over same to the town of Carthage.
" 'J. W. Cooke ..................................................$350.00'

"The time of completion to Carthage was subsequently extended by agreement of parties to November 1, 1898. The appellant proceeded with the construction of the proposed road, which was known as the Marshall, Timpson & Sabine Pass Railroad, and by about the first of the year 1899 had completed it to within about half a mile of Carthage. Appellant then sold the road to the owners of a competitive railroad, the Texas, Sabine Valley & Northwestern Railroad, and these parties by March 1, 1899, but not before, completed the proposed road to Carthage and had daily trains running thereon as stipulated in the contract. When the road was sold to them by appellant it was stipulated by him that it should be completed to Carthage as per contract, though it would have suited the purchasers better to construct it by a different route to another point. On the completion of the line to Carthage appellant demanded the subscription but appellee refused to pay, whereupon this suit was brought.

"Appellee defended, first, upon the ground that time was of the essence of the contract, and that, as the road was not completed by November 1st, his liability for the subscription did not attach; and second, that as the road was not built to Carthage by appellant, but was sold out to and completed by parties who already had a railroad to Carthage, he was discharged from liability.

"Parol evidence was admitted to the effect that the subscribers had

contracted that the road should be in operation to Carthage by October or· November 1st, because they expected it, by competition with the other railroad, to affect the rate of freight on cotton to their advantage.    A trial by jury resulted in a verdict for appellee.

"Questions:· 1.   Does the subscription contract show upon its face that time was of the essence of the contract?

"2.   Did the trial court err in hearing proof as to the situation of the parties and the fact that the subscribers expected to derive benefit from the construction of the road by the date named, in the way of reduction in freight rates on cotton?

"3.   Would the fact that appellant did not complete the road himself, but sold out to a rival road which completed it,· constitute a defense to the action?

"4.   If parol evidence as to the situation of the subscriber at the date of the contract is admissible in explanation of its meaning and in aid of its construction, must such evidence be confined to the subscriber in question, or may such inquiry include his cosubscribers who signed contemporaneously with him?

"5.   Do the facts show that time was of the essence of the contract?"

"It is a familiar principle that in all cases where it is sought to enforce contracts consisting of reciprocal promises, and 'where the plaintiff himself is to do an act to entitle himself to the action, he must either show the act done, or if it be not done, at least that he has performed everything that was in his power to· do.'   Accordingly, when by the terms. of a contract one party is to do something at or before a specified time, and when he fails to do such thing within that time, he could not afterwards claim the performance of the contract if the stipulation as to time were construed according to its literal terms. The rule of the common law was that 'time is always of the essence of the contract.'   When any time is fixed for the completion of it, the contract must be completed on the day specified, or· an action will lie for the breach of it."   Pollock on Principles of Contracts, 462.   The rule is also announced by the elementary text writers that, at law, time is in general of the essence of the contract.   Bishop on Contracts, sec. 1344; Anson on Contracts, 331; Clark on Contracts, 596.   See also Beach on the Modern Law of Contracts, secs. 617 et seq.   We understand the rule to apply where one party agrees to pay money to the other in consideration of the doing of an act by such other within a specified time.   In general in such a case the promise to pay can not be enforced, unless the act be performed within the time.   Questions calling for its application have frequently arisen in cases like the one now before us—that is to say, in cases of subscriptions for the construction of railroads and other like improvements, and so far as we have been enabled to discover, where there is nothing on the face of the contract itself tending to show that time was not of the essence of the engagement, it has been nearly if not quite uniformly held, that

if the work was not completed within the specified time, the promisor was not liable. Such was the case of Slater v. Emerson, 22 How., 224. There "a railroad company became embarrassed, and were unable to pay the contractor, and a person interested in the company agreed to give the contractor his individual promissory notes if he would finish the work by a certain day," and it was held that the contractor could not recover because he had not finished the work within the stipulated time. The case was cited with approval and the rule was followed in the following cases: Hall v. United States, 96 U. S., 28; Jordan v. Newton, 116 Mich., 674; Persinger v. Bevill, 31 Fla., 364. See also to same effect, Indianapolis, etc., R. R. Co. v. Holmes, 101 Ind., 348; Bohn Manufactury Co. v. Lewis, 45 Minn., 164. The principle has been applied even as to subscriptions for stock in a railroad company where the subscription is made upon condition that the road is to be completed within a certain time. But the case before us is a stronger one. A stockholder acquires an interest in the company, a property right; a promisor of a bonus to a railroad company acquires no right by a construction of the road. He looks only to the incidental advantages that may result from such construction. It would seem but reasonable that in the latter case the promisee should be held to a rigid compliance with the conditions of the contract. In the case of the Presidio Mining Co. v. Bullis, 68 Texas, 581, this principle was held applicable to a contract for the sale of real estate, to which ordinarily a less rigid rule applies. In that case the court say: "It was left entirely at the option of Cook whether he would take the land at the end of the year or not; and, in such cases, it is the general rule, to which this case is no exception, that time is of the essence of the contract." So in this case the appellant did not bind himself to do anything, and the appellee merely promised to pay in consideration of the construction of the railroad on or before a certain day.

A contract to pay money in consideration that the promisee will build a railroad by a certain time implies very clearly that that money is to be paid only on condition that the road be constructed within the time; and in our opinion time in such a case is of the essence of the contract. The fact that the parties by subsequent agreement extended the time for the completion of the road, shows that such was their own construction of the contract, and, even if it were a doubtful matter, ought to have a controlling effect in determining their intention. The cases mainly relied upon by counsel for appellant are Traer v. Stuart, 46 Iowa, 15; Front Street, etc., Railway Co. v. Butler, 50 Cal., 574, and Seley v. Railway Co., 2 Willson App. Cas., 87. The contract in each of the two cases first mentioned contained special stipulations as to the time of payment, from which the court drew the inference that the time of special performance was not an essential feature of the contract. They are, therefore, whether correctly or incorrectly decided, distinguishable from the present case. Seley v. Railway Co.

is based principally upon the authority of the other two cases, and may also be distinguished from the case before us by reason of a difference in the stipulations in the contract.

We answer the first question in the affirmative, and since the parol evidence introduced did not tend to show that the intention of the parties was not to make time an essential element in the agreement, we deem it unnecessary to answer the others.