## In re MILLBOURNE MILLS CO.

(District Court, E. D. Pennsylvania. November 9, 1908.)

### No. 2,837.

SALES (§ 98*)—CONSTRUCTION OF CONTRACT—FAILURE TO REQUEST DELIVERY.

Where a contract for the sale and purchase of commodities, to be delivered in the future prior to a stated time, as construed by the parties themselves, required the purchaser to notify the seller when deliveries were desired, a failure to give such notice prior to the time specified for completion of delivery authorized the seller to refuse to be further bound by the contract without incurring liability for its breach.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 263; Dec. Dig. § 98.*]

In Bankruptcy. On certificate of referee.

See, also, 162 Fed. 988.

The following is the certificate of Edward F. Hoffman, referee:

"To the Honorable Judges of the said Court:

"I hereby certify for review an order I made on September 25, 1908, reducing the claim of Sitley & Son, Incorporated, from $2,214.50 to $200. The question arose on an order I made in the course of proceedings to review the claim of Sitley & Son, Incorporated, for damages against the bankrupt for failure to comply with its contracts for the delivery of commodities.

"The following is a copy of the order:

"'It is ordered that the amount of the said claim be reduced from the sum of twenty-two hundred and fourteen dollars and fifty cents ($2,214.50), as set forth in the affidavit in the proof of claim by said creditor in the said case, to the sum of two hundred dollars ($200), and that the latter named sum be entered upon the books of the trustee as the true sum on which a dividend shall be computed.'

"The question, briefly stated, is as follows: The bankrupt by contracts agreed to deliver commodities to the claimant at prices specified in said contracts and on dates therein specified. Delivery was not demanded by the claimant within the time specified in the contracts, but subsequent to the time limits of the contracts the claimants bought in the open market the undelivered portions of said contracts at prices in excess of the contract prices and charged said excess as a debt due by the bankrupts.

"I ruled that the claimants, not having demanded delivery within the time limit of the contracts, could not, after the expiration of said time, buy against the contracts and charge the bankrupt with the loss sustained.

"I overruled an offer of proof that in the course of dealings between the parties the time limit was not observed, and reduced the claim for failure to deliver within the written specifications to the amount demanded within that time. The facts are as follows:

"On March 27, 1908, the claimants filed their proof of claim, setting forth a contract for the delivery of 100 tons of winter middlings at the price of $22.50 per ton, shipment before April 30, 1907, and a contract for 100 tons of winter

middlings, $22.50 per ton, shipment April and May. They alleged that they bought against this at an excess of $4 per ton, netting a loss on the said 200 tons of $800. On the 2d day of February, 1907, they set forth a contract with the bankrupt for 300 barrels of flour, at $4.40 per ton, shipment when ordered, within 60 days, on which they allege a purchase of 170 barrels against said contract, at the rate of $5.75 per barrel, charging the said bankrupt with $229.50. On the 7th day of March, 1907, they set forth a contract with the bankrupt for delivery of 1,000 barrels of flour at $4.15 per barrel, shipment in 90 days, and they allege that they bought against that contract 790 barrels, at $5.65 per barrel, making an excess of $1,185.

"Summary.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Loss on failure to deliver 200 tons of middlings | | | | | | $ 800 | 00 |
| Loss on delivery on flour contract No. 1 | | | | | | 229 | 50 |
| " " " " " " No. 2 | | | | | | 1185 | 00 |
| | | | | | | $2,214 | 50 |

"To this proof of claim the trustee filed on June 2, 1908, petition to review, admitting that the claimants had made demand for delivery of two car loads of middlings, within the time specified in the contracts, and allowing damages for said failure in the amount of $200, and denying that a demand had been made by claimants for delivery of any other portion of the commodities contracted for within the time limits of the contracts, and setting forth a copy of a notification from the bankrupts to the claimants that they had canceled the contracts for the balance not demanded before expiration of time limit.

"The hearing was held before the referee on September 25, 1908, and was duly attended by J. Wilson Bayard, Esq., attorney for trustee, and Mr. Carr, of Wilson, Carr & Stackhouse, representing the claimants, at which the testimony of Frank Sitley, the claimant, was taken. The allegations of the petition to review were sustained by the testimony. As to the facts that the demands for delivery were not made within the time limits of the contracts, the following offers of proof were made, which I overruled—I cite from testimony:

" 'By Mr. Carr: Q. Mr. Bayard asked you about the "custom" with reference to these contracts. I now ask you whether, under the form of order used here, it was the custom to take out the flour within the time limited, or were the orders filled within the time limit? (Mr. Bayard objects.) Contracts specified time within which shipment shall be made. (Referee sustains objection. Referee grants Mr. Carr exception.) Mr. Sitley, where no shipping directions were given within the time limits, were these goods shipped to you at Camden? (Mr. Bayard objects. Referee sustains objection. Referee grants Mr. Carr an exception.) Mr. Carr now offers to prove by Mr. Sitley that through a long course of dealings, covering 10 or 15 years, that time has not been held to be of the essence of the contract between Mr. Sitley and the Millbourne Mills. He offers to prove that orders have been filled by the Millbourne Mills many months after the time limit placed in these orders, and upon the same terms as that originally contracted for. I offer further to prove that by the rules of the Commercial Exchange of Philadelphia, of which both Messrs. Sitley & Son, incorporated, and the Millbourne Mills Company were members, that it became the duty of the buyer to furnish shipping instructions at the time the contract was made, and that, if the buyer is desirous of having the shipment held for shipment directions, it shall be his duty to specify at the time of purchase. That the failure on the part of the buyer to furnish directions after an alleged time would give the seller the right and privilege to ship the goods to the post office address of the buyer. That in case of failure on the part of the seller to ship goods on contract time, within shipping directions, the buyer shall have the right to cancel the contract outright or to do what the buyer elects.

" 'Referee enters of record that in his opinion the evidence offered, received in full, would not affect the merits of the case, and, therefore, overrules the offer.'

"In support of my rulings, I would state: That in my opinion a written contract must be construed strictly, and can only be modified by proof of oral agreement, modifying the contract at the date of the making of said contract.

Waiver of conditions in other contracts between the same parties on different subject-matters cannot be received in evidence as establishing a custom, nor could the rules of the Commercial Exchange be proved by testimony, nor could they govern the construction of contracts by the court.

"I attach hereto:

"(1) Proof of claim of Sitley & Son, Inc.

"(2) Petition to review.

"(3) Record of meeting on petition to review."

Wilson, Carr & Stackhouse, for claimant.

J. Wilson Bayard, for trustees.

HOLLAND, District Judge. On September 25, 1908, the referee made an order reducing the claim of Sitley & Son, Incorporated, from $2,214.50 to $200. This claim of Sitley & Son was for damages which they alleged they sustained by reason of the bankrupt company's failure to deliver certain merchandise purchased by them during the year 1907, and that they were compelled to go into the open market and buy the same merchandise at a much higher price than what they had agreed to pay the bankrupt company. The facts are fully stated in the certificate of the referee, and his reasons given for reducing the claim in accordance with the terms of his order.

We are unable to find any error either in the referee's ruling on the evidence offered, or his conclusion as to the right of the claimants to recover for the difference in price on goods subsequently purchased by them in the open market instead of similar merchandise for which they made no call on the Millbourne Mills Company, as required by their contracts, either before or after the time limit had expired. It is plain these contracts, as interpreted by the parties themselves, required the claimants to notify the bankrupt company when they desired the deliveries to be made, and, in the absence of a receipt of such a notice, the Millbourne Mills Company had a right to assume that plaintiffs were not ready for delivery, and if, as in this case, the claimants failed to take the merchandise purchased according to contract within the time specified, the seller had a right, after the expiration of the time, as he did in this case, to notify the claimant of its refusal to be further bound by the contract. In mercantile transactions time is of the essence of the contract, unless the contrary appears, as the purchase and delivery of goods is a matter of importance to both buyer and seller for the purpose of enabling them to successfully develop and execute their plans in connection with the goods bought or sold in the use to which they are to be put. 9 Cyc. 604 and 616f; Cleveland Rolling Mill v. Rhodes, 121 U. S. 255, 7 Sup. Ct. 882, 30 L. Ed. 920; White v. Wolf, 185 Pa. 369, 39 Atl. 1011; Jones v. United States, 96 U. S. 24, 24 L. Ed. 644.

The order of the referee of September 25, 1908, in reducing the claim of Sitley & Son, Incorporated, from $2,214.50 to $200, is hereby affirmed.