## PALO PINTO COUNTY v. BEENE.
### (No. 749.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1917.)

1. CONTRACTS ☞211 — TIME AS OF ESSENCE.

Where plaintiff agreed to begin the work at once and complete the repair of the bridge within 100 days, time was of the essence of the contract, and there could be no recovery thereunder in the absence of pleading or proof showing that plaintiff had been released from its provisions.

2. WORK AND LABOR ☞14(3)—FAILURE TO PERFORM—QUANTUM MERUIT. ·

Where plaintiff did not repair bridge within time provided by contract, if he could recover at all for what he paid for materials, it would have to be upon a quantum meruit.

3. LIMITATION OF ACTIONS ☞49(5)—MONEY PAID.

Where, under contract providing that plaintiff should purchase and defendant pay for the materials, plaintiff paid for the materials, the materials became his property, and a suit for money paid therefor was barred, where not brought within two years subsequent to the date of the purchase and appropriation by defendant.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by S. J. Beene against Palo Pinto County. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Ritchie & Cousins, of Mineral Wells, and W. F. Smith and J. T. Ranspot, both of Palo Pinto, for appellant. Penix & Miller, of Mineral Wells, and J. L. McCall, of Weatherford, for appellee.

HARPER, C. J. Beene brought this suit against Palo Pinto county for the sum of $2,000 damages for the breach of written contract to repair a bridge, and in the alternative upon quantum meruit for services and labor and material furnished under the allegation that he was discharged without cause. Tried with jury; submitted upon special issues; and upon their verdict judgment was rendered for plaintiff for $327.60, from which the county has appealed.

The first assignment is:

"The court erred in refusing peremptory instruction for defendant."

[1] The propositions are that the contract having been breached by not complying with it in the time prescribed, and time being the essence of the contract, he was not entitled to recover upon the contract, and not entitled to recover upon quantum meruit, because he has not pleaded nor proved a good reason for not complying with the contract.

The contract reads:

"This contract and agreement made and entered into this 23d day of June, 1908, by and between S. J. Beene of Harris county, Tex., and hereinafter styled first party, and Palo Pinto county, acting through its commissioners' court, hereinafter styled second party, witnesseth:

"First party hereby agrees to repair the Brazos River bridge located near the town of Brazos in said Palo Pinto county recently damaged by high water, by replacing the piers on the west side of same with new piers properly located and constructed, to go to a sufficient depth to get a rock or other solid foundation for same, and to construct same of the size and materials same as old piers; the old piers to be removed, and such of the old material therein to be used as may be available for the new work or so much of the old piers may be used in the new work as may be available to restore the bridge to its former proper level and position, and place same in good condition and to repair the trusses where broken or injured, and to place the said bridge in as good condition as previous to the injury. Said first party shall purchase at the cost of second party all materials to be used in said work, to employ all labor necessary in the prosecution of the work, and to do any and all things necessary in the superintendence of said work. He shall furnish his own tools and appliances, necessary for the doing of the work, the second party paying the freight thereon to and from the location of the work. Said work of repair shall be done in a skillful, workmanlike manner and with all reasonable dispatch.

"In consideration of the above, second party agrees to purchase all materials necessary in the construction and repair of said bridge, and to pay for all labor necessary to be employed in said work, and to pay to first party the sum of $5 per day while actually engaged in the work, and the further sum of 15 per cent. commissions on the total cost of the work, not including freight on the tools of the party of the first part, to cover the cost of the use of the tools furnished for the work by party of the first part and his supervision and superintendency of the work; said amounts to be paid during the progress of the work on estimates to be furnished by first party and approved by second party, or its duly authorized agent; except that the said 15 per cent. commission shall not be paid until the completion and acceptance of the work. Provided that the total cost of said work to second party shall not exceed the sum of $4,500.

"Said first party agrees to begin the work at once and to complete same within the space of 100 days. He further agrees to deposit with second party $500 to secure the proper performance by him of the terms of this contract and his guarantee that said work shall not cost second party more than the sum of $4,500.

"In the event the first party shall do the work at a cost of $3,500 to second party, then second party shall further pay to first party one-half of the amount saved under $3,500, in addition to the amount hereinabove named.

"It is further understood that second party shall take the risk of said bridge being damaged or carried away during the progress of the work by cyclone or an extraordinary rise in the river, or other act of God, the first party to assume risks from other causes. All unused materials or left-over materials after completion of the work shall belong to second party.

"Executed in duplicate this 23d day of June, 1908."

The provisions of this contract make time the essence thereof, and there are no pleadings nor proof which would relieve the plaintiff from its provisions. Garrison v. Cooke, 96 Tex. 231, 72 S. W. 54, 61 L. R. A. 342, 97 Am. St. Rep. 906. But he pleads that he purchased and paid for certain material which was converted to the use of the county, and that therefore he should be paid for it. The appellant says, by plea of statute of limitations, that, if plaintiff purchased and paid for such material, it was prior to two years before filing this suit; therefore he is barred from recovery.

[2] The item upon which judgment was entered is that submitted by the court in its charge by special issue No. 2, which is, "What sum, if any, did the plaintiff incur and pay out for material, etc., which was necessary and proper in doing the work and repairs on the bridge which has not been paid or refunded to him by the defendant county?" The jury answered, "$289.65," and for this amount the trial court entered its judgment. Without passing upon the question of whether he could properly recover these items upon his plea of quantum meruit, if he can recover the amount for which the verdict and judgment was rendered, at all, it must be upon his plea of quantum meruit.

[3] If he purchased the supplies and paid for them himself, it was without authority in the contract. The contract provides that he purchase and the county pay, so having purchased and paid for them of his own means, they became his property, and the suit having been brought more than two years subsequent to the date alleged for the purchase and appropriation by the county of any of the items, the statute applies and he is not entitled to recover. Aside from this, the record shows that the original petition was filed January 6, 1911; that it contained no count upon quantum meruit. The petition containing such count was filed March 20, 1916, more than four years after the cause of action accrued. In answer to the question, "Mr. Beene, tell us how much material you had bought that the county had not paid you for up to December, 1908?" he

said, "I have nothing in the world to show." The record, then, is that all the items were barred by the two-year statute, and we think show that there is no positive evidence in the record to support a judgment for plaintiff in the sum assessed by the verdict and decree for the items named upon his plea of quantum meruit.

The evidence appearing to have been fully developed, the cause is reversed and rendered for appellant.