**WILBANKS v. SELBY et ux.   (No. 1701.)**

(Court of Civil Appeals of Texas.   Amarillo. Jan. 19, 1921.)

1. Specific performance ☞123—Whether purchaser tendered performance within specified period held for court.

In a purchaser's action for specific performance, defended upon the ground that purchaser failed to tender performance within the specified period, evidence *held* insufficient for submission of such issue to the jury.

2. Vendor and purchaser ☞18(3)—Time held of the essence of option contract in view of fluctuating value of land.

Where project to construct railroad caused value of land in certain locality to fluctuate time would have been of the essence of an option to purchase, within a specified period, land within that locality, even without an express stipulation to that effect.

3. Vendor and purchaser ☞18(3)—Time is of the essence of option contracts.

Generally time is of the essence of option contracts.

4. Specific performance ☞119 — Purchaser seeking enforcement must prove tender of performance.

Purchaser suing for specific performance of option contract has the burden of proving tender of performance by him within the required period.

5. Time ☞9(1)—Date of contract excluded in determining time within which option is to be exercised.

In determining the time within which option is to be exercised, under contract providing for performance within specified number of days, the date of the contract must be excluded.

Error from District Court, Ochiltree County; W. R. Ewing, Judge.

Suit by Allen M. Wilbanks, Jr., against H. C. Selby and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Allen & Allen and J. W. Payne, all of Perryton, and Hoover, Hoover & Willis, of Canadian, for appellant.

R. T. Correll, of Perryton, and·F. P. Works, of Amarillo, for appellees.

HALL, J. Appellant sued appellees for the breach of an option contract for the sale of land, alleging, in substance, that on the 17th day of May, 1919, appellees owned certain land in Ochiltree county; that on said date they entered into a written contract with appellant whereby they agreed to sell and convey to him within 60 days from the date thereof the lands described, · for an agreed consideration of $21,000; that appellant then paid to appellees $200 in cash, which was to be applied to the payment of the land unless appellant should fail or refuse to consummate the deal within said 60 days, in which event said sum should be forfeited to appellees. He further alleges that he was ready, willing, and able at all times to comply with his option contract, but that appellees failed to deliver a deed conveying the premises to him; that he expressed his willingness to pay the consideration within the period of 60 days and that by reason of appellees' default appellant was damaged in the sum of $10,000. He prayed for judgment for this amount and for the $200 paid upon the contract, with interest on the last-named sum from July 17, 1919. Appellees answered, alleging that appellant failed and refused to comply with the obligations resting upon him under the contract within the time provided and failed and refused to tender performance within the time limit and at the place of performance. The court directed a verdict for the appellees. The contract between the parties is dated May 17, 1919, and binds appellees to convey to appellant certain lands described therein, aggregating 824 acres. In the contract the grantee agrees to assume certain indebtedness due third parties. The contract further recites:

"The second party this day pays to first parties the sum of $200 cash, receipt acknowledged, this to be applied on the cash payment to be made unless second party shall fail or refuse to close said sale within 60 days from date; then in that event said payment shall forfeit to first parties and this agreement shall be of no other force and effect. * * * It is agreed that time is of the essence of this contract."

Appellee Selby testified that appellant did not tender him the balance due under the contract within 60 days, as stipulated. Upon this issue the appellant testified as follows:

"When the time expired, the last day, I went by this place, the one I bought, where Mr. Selby was working and one where we made the contract, which was on the day the contract expired, and Selby was not there and he didn't come in that day. When I left the bank I was going to Follet and I left money there for Mr. Hall to close this deal.. * * * Yes, sir; this option contract expired about July 17th, which would be 60 days after May 17th. * * *

"Q. What day of the month was that you went out by this place? A. I don't remember the date of the month, but it was the date the contract was up and I was going to Follet, Tex. This contract was up 60 days from the date of it.

"Q. Now, you figure it and tell us when it was up, according to your way of interpretation and counting dates. A. I figured the time would be up—that was dated on the 17th I believe?

"Q. Yes, sir. A. Well, 60 days from that date.

"Q. Now, when would the 60 days expire, according to your count? A. Well if I count—

"Q. I am not asking 'if' now; what day was that? A. I don't remember the date.

"Q. Now count it for us and tell us. A. It would be—17th of May, 17th of June would be —it would be the 17th of July.

"Q. So you place the day you told Hall about the money and went out by this place as July 17th? A. I don't know whether it was the 17th or not.

"Q. You say you figured the last day—you can figure as well now as you could then? A. I suppose I can. ,

"Q. Tell us the day—what day in July? A. We understood, we had in mind that was the last day—that the contract was up that day.

"Q. What day? A. 16th or 17th.

"Q. Which one? A. I don't know.,

"Q. You can't say which one? A. No.

"Q. Now figure up and tell us when the 60 days were up and when would be the last day according. to your count. A. If we count the date of the contract one day it would be up the 16th.

"Q. You are a banker—you were a banker. Now what was the date? A. If we count—

"Q. I am not saying 'if.' A. Well, we will count the day the contract was drawn and make it the 16th.

"Q. Now you will do that. Now is that as definite as you are going to be to that jury when you say that was your count? You can count now as well as you could then. A. Well, I will give them the contract and let them figure it themselves.

"Q. This is your testimony. * * * Will you figure for that jury or not? I leave it to you when the last of the 60 days was. Now it is up to you Mr. Wilbanks; you said you figured; now figure. A. Well, it would be the 17th—if 60 days from that time it would be the 17th.

"Q. Now, you stay by that. A. Yes, sir.

"Q. That was the day you went by this place out here—July 17th, as you remember it? A. As I remember it that would be the day.

"Q. That is the way you figured, wasn't it? A. I didn't figure it, only it might have been the 16th or might have been the 17th. I won't say positively which day I went by there.

"Q. And yet you do know you figured it was the last day—you said that a while ago twice. A. Mr. Hall and I talked it over and I said, 'This is the last day of the contract;' and we

figured that way; whether we were mistaken I don't know.

"Q. But as a matter of fact what day was it? A. I won't answer the question; it was about the 17th.

"Q. You won't? About the 17th? A. Yes, sir."

[1-3 We find no further testimony in the record bearing upon this issue. The testimony quoted above is not sufficient to require the court to submit to the jury the issue of tender of performance within the 60 days. By express provision of the contract time was of its essence. Aside from this, we think the circumstances surrounding the contract are sufficient to show that time was of its essence. A railroad was projected through the country near this land, in consequence of which the value of real estate was fluctuating. The parties understood that appellant was buying an option with the possibility of the coming railroad in view. Moreover, it seems to be settled that in option contracts time is held to be of their essence, both at law and in equity.

"Where, as in this case, the contract invests the one with no title whatever, imposes no obligation upon him, leaves it optional with him to do a certain thing at a specified time, in such case time, in the briefest sense of the rule, is of the essence of the contract, and the failure of such party to comply with its terms deprives him of the right to demand the enforcement of the contract." 4 Page on the Law of Contracts, §§ 2107, 2109, 2112; Johnson v. Portwood, 89 Tex. 235, 34 S. W. 596, 787.

[4, 5] It is clear from the appellant's testimony that in determining the date of the expiration of the option he did not take into consideration the fact that May has 31 days. In making the calculation on cross-examination he states that from May 17th to July 17th would be 60 days, and that if the date of the contract was taken into consideration the 60 days would expire on the 16th of July. On further cross-examination he said: "Well, it would be the 17th; if 60 days from that time it would be on the 17th." The burden was upon him to show tender of performance within the required time, and it seems clear that when he was in consultation with Hall, the cashier of the bank, they decided that July 17th was the sixtieth day from May 17th and the last day for performance. In determining the time the date of the contract must be excluded, and the 16th of July would therefore be the last day for making a tender.

Several other questions are presented in the brief, but since appellant did not comply with the contract within the stipulated time he was not entitled to recover, and we find it unnecessary to consider the other matters presented.

The court did not err in directing a verdict for appellees, and the judgment is affirmed.