## T. G. SHAW OIL CORPORATION v. PARKER.

### No. 12804.

Court of Civil Appeals of Texas. Fort Worth.

April 8, 1933.

Rehearing Denied May 6, 1933.

L. H. Brittain, of Fort Worth, for appellant.

S. A. Penix, of Graham, for appellee.

DUNKLIN, Justice.

This appeal has been prosecuted by the T. G. Shaw Oil Corporation from a judgment rendered against it in favor of R. C. Parker for drilling an oil well which proved to be a dry hole.

The parties had entered into a written contract in May, 1930, by the terms of which Parker agreed to drill an oil well in Young county to a depth of 2,650 feet, unless oil or gas should be discovered in commercial quantities at a shallower depth, and to finish the well on or before October 10, 1930, for which the plaintiff agreed to pay therefor the sum of $1,000, "in the event said well when completed is a dry hole." Further terms of the contract were that Parker would furnish to the plaintiff at its office in Fort Worth, Tex., on Wednesday and Saturday of each week a report of the depth of the well and formations encountered; also to permit a representative of the plaintiff to be present on the derrick floor at any reasonable time desired and to give him any information in the knowledge of Parker that was requested of him or that might be required from the general offices of plaintiff in Fort Worth. Parker also agreed that, when the well was completed, he would furnish to the plaintiff at its office in Fort Worth the complete log of the well. He further agreed that, in the event he desired to shoot the well, he would give plaintiff at least 24 hours' notice of his intention so to do so that the corporation might have a representative present when that was done. Plaintiff further agreed that, before any known oil sands were encountered, he would notify the defendant when he expected to reach the same in order that the corporation might have a representative present when the sand was drilled into. There were further stipulations of other things to be done by Parker not necessary to be mentioned. Par-

agraph 11, which was the concluding paragraph of the contract, reads as follows: "In the event a failure is made to comply with any of the obligations herein the said corporation shall not be bound and obligated to pay said sum of money."

The well was completed to the required depth on November 2, 1930, and proved to be a dry hole.

Among other defenses, the defendant specially pleaded a failure of the plaintiff to complete the well on or before October 10th, and also the failure to comply with all of his obligations enumerated above with respect to notices to be given to the defendant of drilling operations; and that time was of the essence of the contract.

In reply to those defenses, the plaintiff alleged that he was unable to complete the well to the required depth on or before October 10th by reason of a drouth, which occasioned a lack of water necessary to drilling operations, and further that plaintiff exercised due diligence in the prosecution of the drilling operations and that he finished the well within a reasonable time. Plaintiff further alleged that he was released from his obligation to forward to the defendant at its office reports of the depth of the well and formations encountered at the times specified in the contract because the defendant's agent, B. A. Nelms, agreed with him that he would scout the well and send defendant daily reports of the depth and formations encountered and all other information which plaintiff had agreed to furnish. There were further allegations that Nelms was duly furnished with all of that information and reported the same to the defendant corporation; and that he was the duly authorized agent of the defendant to receive and forward all such information. That agency and authority of Nelms was denied in a special pleading of the defendant.

A trial of the case on special issues resulted in the following findings: (a) At the time of the contract the parties thereto did not understand that the agreement to complete the well by October 10, 1930, was an essential part of the contract; (b) the delay in the completion of the well until after October 10, 1930, was a reasonable delay; (c) Boyd Nelms advised the plaintiff to make the reports concerning the well in question on each Wednesday and Saturday to him, and that he (Nelms) would then forward them to the defendant's Fort Worth office, and that Nelms did make those reports in accordance with the agreement; (d) Boyd Nelms had apparent authority from the defendant to make that agreement with the plaintiff; (e) prior to the completion of the well, the defendant, by its acts and the conduct of its officers, evidenced an intention not to insist upon the provisions of the contract with reference to

mailing the drilling reports twice a week during the drilling of the well, and a further intention not to insist upon a compliance by the plaintiff with the provisions of the contract requiring plaintiff to complete the well by October 10, 1930.

Judgment was then rendered in favor of plaintiff against the defendant for $1,000, the contract price for drilling the well.

■ There was no ambiguity in the terms of the contract to serve as a basis of evidence to show that the time stipulated for the completion of the well was not of its essence, and hence testimony offered by the plaintiff to sustain his contention to the contrary could be given no force or effect. The following authorities and many others which might be cited are conclusive on that point: Garrison v. Cooke, 96 Tex. 228, 72 S. W. 54, 61 L. R. A. 342, 97 Am. St. Rep. 906; Kenedy Town & Improvement Co. v. First Nat. Bank (Tex. Civ. App.) 136 S. W. 558; Palo Pinto County v. Beene (Tex. Civ. App.) 199 S. W. 866; Barber Asphalt Paving Co. v. Loughlin, 44 Tex. Civ. App. 580, 98 S. W. 948; 10 Texas Jurisprudence, p. 415, § 238.

■ We conclude further that the finding of the jury that the defendant manifested an intention not to insist upon the provision requiring the completion of the well by October 10, 1930, was not sufficient to excuse the plaintiff's failure to finish the well by that date, in the absence of any pleading or evidence to show that plaintiff was misled thereby and but for which he would have complied with that provision of the contract. 10 Texas Jurisprudence, pp. 427 to 430, inclusive. Indeed, according to testimony offered by plaintiff, he could not have finished it within that time on account of the drouth.

■ Furthermore, there was no pleading that the drouth was of unprecedented severity and therefore could not have been anticipated; which would have been necessary if the same would have excused noncompliance with the agreement to finish the well within the time specified.

■ If plaintiff had seen fit not to take the chance of such a drouth, he could have provided against it in the written contract, and the failure so to do must be attributed to his own folly. The following statement in 10 Texas Jurisprudence, § 251, p. 436, is well supported by decisions of our appellate courts: "As a general rule, the fact that performance is prevented by an act of God or an inevitable accident is not an excuse for failure to perform a contract, unless the contract so provides. So a person who voluntarily enters into an absolute contract, without exception or qualification, to furnish water to another, sufficient to irrigate his crops is not relieved from liability for a breach because he was prevented from obtaining water from a contemplated source by an unprecedented drought, where the contract does not specify that it is to be obtained there." See, also, Cotherman v. Oriental Oil Co. (Tex. Civ. App.) 272 S. W. 616; 10 Texas Jurisprudence, p. 433, § 250.

But we overrule the assignments challenging the sufficiency of the evidence to support the jury's findings with respect to the authority of Nelms as the defendant's agent to accept in its behalf notice of the drilling operations which by the terms of the contract Parker was required to furnish to the defendant, in lieu of a strict and literal compliance by plaintiff with those stipulations.

■ For the reasons indicated, the judgment of the trial court will be reversed and the cause remanded for further proceedings not inconsistent with our foregoing conclusions.

### On Motion for Rehearing.

■ We recognize the rule of decisions cited in this motion by appellee that the time fixed within which a contract is to be performed may be waived by the party in whose favor the same is made, even though the time limit is of the essence of the contract. 10 Tex. Jurisprudence, p. 427, § 245, and p. 428, § 246, and many authorities there cited.

■ The pleading of the plaintiff in reply to defendant's answer that the well was not finished by October 10, 1930, was in general terms both a plea of waiver and estoppel. In order to sustain the plea of estoppel, it would have been necessary for the jury to find that the plaintiff was induced to continue the drilling of the well after the time limit had expired by some representations made to him by the defendant and upon which a person of ordinary prudence would have relied, and that but for such inducement plaintiff could and would have finished the well on or before October 10, 1930, which would have been in direct conflict with his pleading and evidence that by reason of the drouth it was impossible for him to finish it within that period. That issue of estoppel was not submitted to the jury. The only finding made by the jury pertinent to the defense indicated above was that the defendant by the acts and conduct of its officers evidenced an intention not to insist upon the completion of the well by October 10, 1930, but with no finding when or how that intention was evidenced. In order to show waiver as distinguished from estoppel, it would be necessary to prove some act on the part of defendant after October 10, 1930, indicating that he waived the right he then had to defeat plaintiff's demand for the contract price by reason of his failure to finish the well by October 10, 1930. Even a parol agreement by defendant prior to that date to release plaintiff from his written contract to finish the well on or before that date would not have been effective, unless supported by

some additional consideration. Equitable Life Assurance Soc. v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625.

Accordingly, there is no merit in appellee's contention that the judgment should have been affirmed because the finding of the jury referred to sustained his plea of waiver.

Motion for rehearing is overruled.