**LE SAGE v. DUNAWAY.**

No. 2679.

Court of Civil Appeals of Texas. Waco.

June 20, 1946.

Rehearing Denied July 11, 1946.

Renfro & Kilgore, of Dallas, for appellant.

Lumpkins & Lumpkins, of Waxahachie, and Bullington, Humphrey & Humphrey, of Wichita Falls, for appellee.

TIREY, Justice.

J. E. Dunaway, a resident of Palo Pinto County, sued R. S. LeSage, a resident of Dallas County, Texas, in the District Court of Ellis County, Texas, alleging that Dunaway had conveyed 346.34 acres of land in Ellis County to LeSage for an agreed consideration of $48,488, and that all of the consideration except $3488 had been paid. The plaintiff sued for $3488 and for the establishment and foreclosure of an equitable lien against said tract of land. LeSage seasonably filed his plea of privilege to be sued in Dallas County, which plea was controverted by plaintiff, and on the trial of said plea before the court without the aid of a jury, judgment was rendered overruling said plea, and defendant has appealed.

The judgment of the trial court is assailed solely on the ground that the trial court erred "in overruling appellant's plea of privilege when the evidence showed that no contract existed which would give appellee a right to enforce an equitable lien on the property in question under subdivision 12 of article 1995, R.C.S." We overrule this contention.

Section 12 of said Article aforesaid provides:

"A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

Appellant says in effect that the controverting affidavit was sufficient to raise the issue of maintaining venue in Ellis County and that the sole issue involved in this appeal is whether the proof adduced at the plea of privilege hearing is sufficient to sustain venue in Ellis County under the above subdivision. We think it is.

We have considered the testimony adduced most carefully. Since this is a trial on the question of venue only (see Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 points 1–3, p. 677), we think best not to enter into any detailed discussion of the testimony adduced on the plea of privilege hearing, except to say we think it sufficient to raise the issue pleaded by the plaintiff to the effect that Dunaway sold the tract of land in question to LeSage at a price of $150 per acre and agreed with LeSage that he would trade as of date, January 1, 1945, and that he, Dunaway, would buy the rents for the year 1945 from LeSage at the price of $10 per acre, making the land cost LeSage $140 per acre net, LeSage to pay the taxes for the year 1945; that pursuant to this understanding Dunaway and his wife executed and delivered a deed to the tract of land in question to LeSage and LeSage paid to Dunaway all of the consideration save and except the $3488 sued for herein.

We think the plaintiff carried the burden of proof as to the essential venue facts placed upon him by the Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. It is obvious that the trial court took such view and we think the evidence is ample to sustain him. It is our duty to view the evidence and all reasonable inferences that may be drawn therefrom in the most favorable light from the standpoint of appellee. No request was made for findings of fact and conclusions of law and none was filed. In the absence thereof, we must presume that the trial court resolved every issuable fact in support of the judgment appealed from. Bucyrus-Erie Co. v. Smith, Tex.Civ.App., 168 S.W.2d 896, points 1, 2, p. 897, and authorities collated.

But appellant says in his brief "in the case of contract for the sale of real estate, the Statute of Frauds (Art. 3995, R.C.S.) imposes the additional requirement that the meeting of the minds must be expressed in writing. When the facts of the case are viewed in the light of these fundamental and undisputed legal principles, it

is obvious that there was no contract between LeSage and Dunaway for the purchase of the 346.34 acres of land in Ellis County for a total consideration of $48,488.00." The trial court did not take such view of the testimony. On the contrary, he took the view that the evidence tendered by plaintiff raised an issue that the minds of the parties did meet as to the amount of the consideration to be paid for the land, and that the deed passed and all the consideration was paid save and except the amount sued for and that such testimony tendered brought the case within the well known exception that said Statute of Frauds aforesaid may not be invoked where a contract has been fully executed by one of the parties thereto. 20 Tex.Jur. 322, sec. 112, and cases collated thereunder. Under this record plaintiff's evidence tendered the issue of full performance on his part and part performance of the contract on the part of LeSage. Such factual situation is sufficient to take the case out of the Statute of Frauds. Texas Co. v. Burkett, 117 Tex. 16, 296 S.W. 273, point 11, p. 278, 54 A.L.R. 1397. A further discussion of the facts on the venue issue would be of no avail.

The judgment of the trial court is affirmed.