**McCALEB v. WYATT et al.**

No. 15418.

Court of Civil Appeals of Texas.
Fort Worth, Texas.

April 24, 1953.

Rehearing Denied May 22, 1953.

J. P. Markham, Jr., of Houston, for appellant.

John A. Fuhrhop, of Galveston, for appellees.

RENFRO, Justice.

This is an appeal by Nichols McCaleb, plaintiff in the trial court, from a judgment denying him specific performance of an option agreement to convey land by Earl A. Wyatt and John V. Fox.

On November 22, 1948, the appellant conveyed to appellees, by general warranty deed, 3.12 acres of land therein described, for a consideration of $1,000. On the same day and contemporaneously with the execution of the above mentioned deed, the appellees, acting through Wyatt, for and in consideration of the sum of $10 cash, signed a letter granting appellant the exclusive right to purchase the land in question at any time on or before May 22, 1949, the concluding sentence providing that should the appellant fail to exercise the option within the time set out, his right thereunder should ipso facto cease.

The trial court found that prior to the date of the above instruments appellant tried to borrow $1,000 from appellees and offered to put up the land in controversy as security for the loan but appellees refused to make a loan on the land. Thereafter, appellant tried to obtain loans on the land from other people but failed. He then went to appellees again and offered to sell them the land for $1,000 cash, provided they would give him the hereinabove mentioned option. The warranty deed was placed of record but the option agreement was not recorded. During the option period, appellees conveyed to the State of Texas .344 acre out of the 3.12 acre tract for highway purposes. The appellant made no effort to exercise his option or to tender the money during the option period. The court concluded as a matter of law: "1. Time is of the essence of an option contract for the purchase of real property; even without

any express stipulation to that effect; in this case, no effort was made to exercise the option until after the option period had expired. 2. There was no such anticipatory breach of the option contract by optionor in this case that would excuse the optionee from making the tender within the option period. 3. When an optionor disposes of a minor part of the optioned property, he becomes liable to the optionee for the proceeds derived therefrom in case the option is exercised."

The appellant makes no objection to the findings of fact but contends the court erred in his conclusions of law, arguing, by his first three points of error, that the court erred in holding that there was no such anticipatory breach of the option contract as would excuse the optionee from making a tender within the option period; and by his remaining points contends the court erred in treating the transaction as an ordinary option contract to convey land and in holding that time is of the essence of an option contract for the purchase of real property; and further that appellant's failure to tender was not plead by appellees and should not have been considered as a defense to appellant's suit.

The appellant did not contact appellees at any time after the execution of the above described instruments and made no effort whatever to exercise his option to purchase the land on or before the expiration of the date fixed therein.

On May 26, 1949, appellant filed suit for specific performance. In the petition he alleged that he "is ready, willing, and able to now tender into court, and does now tender into court the total sum of $1,250.00." On April 25, 1952, he paid into the registry of the court the sum of $1,475. In neither the original nor amended petition did he allege that he had ever tendered the purchase price of $1,250 to appellees prior to bringing suit. Neither did he allege nor prove that he was able, ready and willing to perform his part of the agreement during the period of time set out in the option.

◼ We think the court did not err in holding time to be the essence of the agree-ment. In Wilbanks v. Selby, Tex.Civ.App., 227 S.W. 371, 373, it is held that in option contracts time is of the essence, both at law and in equity, the court stating: "'Where, as in this case, the contract invests the one with no title whatever, imposes no obligation upon him, leaves it optional with him to do a certain thing at a specified time, in such case time, in the briefest sense of the rule, is of the essence of the contract, and the failure of such party to comply with its terms deprives him of the right to demand the enforcement of the contract'", citing Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 787. The same principle is announced in 43 Tex.Jur., p. 101, sec. 63; also, Gambill v. Snow, Tex. Civ.App., 189 S.W.2d 33, writ ref., w. m.

◼ Appellant did not, by the option contract, acquire any title to the land. At most, he secured only the right to acquire an interest in the land by complying, at his election, with the stipulations on his part. Roberts v. Armstrong, Tex.Com.App., 231 S.W. 371. The appellant was not bound to purchase. He could accept the offer if he chose. The option, when accepted, becomes a binding contract. Northside Lumber & Building Co. v. Neal, Tex.Civ.App., 23 S.W.2d 858.

It is conclusively shown by appellant's own testimony that he never exercised or offered to exercise the option. It follows, of course, that he acquired no interest therein. Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662.

There is no testimony that appellees were not ready at all times during the option period to convey the land to appellant. Appellant makes no contention in his pleadings or by evidence that they, in any manner, waived tender or extended the time. The sole reason, given now, for not exercising his option is the fact that a small portion of the land was conveyed to the Highway Department. He never complained of such sale during the option period.

He testified that he prepared the letter and knew what ipso facto meant. He recognized that he had not acted within the option period by asking for an extension of

time after the termination period had passed. He admits that appellees refused to grant him an extension.

As the contract was an option contract, time was of its essence and in order to sustain his suit it was incumbent upon him to show either a payment of the money or a tender thereof within the six month period given him to purchase it. Grier v. Stewart, Tex.Civ.App., 136 S.W. 1176; Wilbanks v. Selby, supra.

Appellant had the right to require the conveyance of that part of the tract which appellees retained. Langley v. Norriss, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555; Hazzard v. Morrison, 104 Tex. 589, 143 S.W. 142.

The burden was upon appellant to show tender of performance within the required time or show that he made known his acceptance of the option within the required time. Wilbanks v. Selby, supra.

The appellant could have exercised his option to purchase the 3.12 acres less .344 acre at any time within the option period. Hazzard v. Morrison, supra. That is all he is asking the court to do in the law suit, other than asking credit for the amount received by appellees from the Highway Department. Appellant did not sue in the alternative for damages. He would have been entitled to the proceeds of the .344 acre tract had he exercised his option in time because the appellees, having disposed of a part of the property, were holding same for appellant's benefit in the event he exercised the option. Lester v. Hutson, Tex. Civ.App., 184 S.W. 268.

So far as the record shows, the appellees would have conveyed the property and would have paid the sum received from the sale of the small strip to the Highway Department to the appellant if he had exercised his option. At least there is no evidence to the contrary.

The plaintiff did not plead and offered no evidence that he was able, ready and willing to perform his obligation during the life of the option. The Eastland Court of Civil Appeals in Copeland v. Bennett, Tex. Civ.App., 243 S.W.2d 264, writ ref., held that such showing is necessary in order to enforce specific performance of an option agreement.

The appellant alleged that the appellees had defaulted under the option agreement and appellees' general denial put this fact in issue. Copeland v. Bennett, supra; Trevino v. American National Insurance Co., 140 Tex. 500, 168 S.W.2d 656. Under a general denial, the defendant in a suit for specific performance may prove any fact which tends to show that plaintiff has no cause of action. 38 Tex.Jur., p. 774, sec. 86.

In suits for specific performance of option contracts to convey land, the courts seem to hold with one accord that the complaining party must show performance or tender of performance by him or else defendant's waiver of performance. In order for appellant to establish the right to a decree for specific performance of the contract made the basis of his suit, it was incumbent upon him to show default on the part of appellees, and as he failed to prove payment, tender of payment, waiver of payment, or any notice of any kind to appellees during the period of time named in the contract, there was no default on the part of the appellees. The sale of the small portion to the Highway Department was not such an anticipatory breach of the option contract as would excuse the appellant from exercising his option. By his action in asking the court to make the appellees convey the tract to him, he shows that he considers the alienation of the small portion to the Highway Department as of little significance. He still wants what is left. He had the right to ask appellees for conveyance of that part and failed to do so. We think he lost his right to demand performance by making no tender or offer of tender whatsoever during the period of time agreed upon.

The judgment of the trial court is hereby affirmed.