**J. D. BARNES, Appellant,**

v.

**Leona HOWARD, d/b/a Howard Real Estate Company, Appellee.**

No. 3565.

Court of Civil Appeals of Texas. Waco.

Oct. 16, 1958.

**118**

Bailey & Blum, Houston, for appellant.

Galli & Lee, Houston, for appellee.

TIREY, Justice.

This is a suit for commission grounded on an oral contract. The cause was tried without the aid of a jury and the court found that appellee was entitled to recover from appellant the sum of $817.50, together with all costs, and decreed accordingly. There was no request for findings of fact and conclusions of law and none filed.

The judgment is assailed on two points. They are substantially to the effect that the court erred (1) in granting plaintiff judgment because there was no oral contract to pay a commission; and (2) because the oral contract relied on is within the provisions of Sec. 28 of Art. 6573a, Vernon's Ann.Civ.St.

Appellee went to trial on her original petition. She alleged substantially that she was a duly licensed real estate broker, working up trades for the purchase and sale of lands, as well as negotiating leases and construction contracts; that in 1955 she entered into an oral contract with defendant which provided that she would furnish names of prospective home owners to defendant in order that defendant might bid on homes that such home owners desired to construct, and she and defendant agreed that if defendant obtained a contract to construct a home for such prospect whose name was furnished by her that the defendant would pay 5% of the construction contract price as commission; that thereafter she did furnish the name of Cecil W. Melendy, Jr., to defendant, and that subsequently Melendy and defendant entered into a contract whereby the defendant agreed to construct the home for Melendy for a consideration of $17,000; that thereafter defendant did construct a home for Melendy and by virtue of the oral contract of this plaintiff with defendant that defendant became obligated to pay her the sum of $850 upon the completion of Melendy's home; that defendant did complete the structure and that she made demand upon him for the payment.

of 5% commission and that he failed and refused to pay the same.

The defendant specially pleaded that plaintiff was not entitled to recover because her alleged contract contravened the provisions of Sec. 28 of Art. 6573a, V.A.C.S., and he specially pleaded a general denial.

■ Mrs. Howard testified to the effect that she was a duly licensed real estate dealer and that she had a conversation with defendant sometime during September 1955 or September 1956. With reference to the conversation, she testified as follows:

"A. * * * I talked to Mr. Barnes about it and asked if he would be interested and he very definitely said he was. I made this contact and introduced Mr. Barnes on the phone. Mr. Barnes made his appointment with him.

"Q. You said Mr. Barnes told you he would be interested; what was he interested in? A. In building a house for Mr. Melendy.

"Q. Did you and he at that time discuss any commission or compensation to be paid to you? A. Yes, we did; the usual commission on contract jobs is five per cent.

"Q. Did you and he discuss that matter? A. Yes, we did. I told him when he figured on his bid to figure me for 5 per cent commission.

"Q. What did he say? A. He said I will do so.

"Q. Was that before or after you put him in touch? A. It was before."

The evidence is further without dispute that Mr. Barnes did contact Mr. Melendy and thereafter Barnes did construct the house for Melendy at a price of $16,350. Mr. Barnes testified:

"Q. Mr. Barnes, did you ever build a house for Mr. Melendy? A. I did.

"Q. What was the contract price of the house? A. $16,350.00.

"Q. How did you get in touch with Mr. Melendy? A. I went to his house.

"Q. How did you know to go to his house? A. I received his name from Mrs. Howard."

Since the evidence is without dispute that Mrs. Howard put Barnes in contact with Melendy and thereafter these two parties entered into a contract whereby Barnes constructed the house for Melendy at a price of $16,350, and since the trial court found in effect that there was a meeting of the minds of Howard and Barnes as to the terms of the contract, the sole question before us is whether or not the contract sued on constitutes a violation of the provisions of Sec. 28, Art. 6573a, V.A.C.S. It is our view that it does not for reasons which we shall hereinafter briefly state.

Section 28 of the foregoing Article, as amended Acts 1949, 51st Leg., p. 304, chap. 149, sec. 1, and Acts 1955, 54th Leg., p. 986, ch. 383, sec. 1, provides in part:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

■ Much has been written on the foregoing statute since it was enacted, but we think a general summary of the decisions construing the statute in its application to real estate commissions is found in 20 Tex. Jur. 279, par. 70. There we find: "The words 'any contract for the sale of real estate,' as used in the statute, include every agreement which contemplates the alienation of an existing interest in land. If the consideration for a promise or contract is a conveyance of real estate, the case is held to be within the purview of the stat-

ute, and the undertaking is not binding unless it is evidenced by some instrument in writing or unless the agreement has been acted on by the parties. The effect of the provision, as expounded by the courts, is to render unavailable to the parties, as the ground of a claim, any parol contract, in whatever shape it may be put, by which either of them is to part with real estate.' "

■ It is true that Mrs. Howard was in the business of selling real estate but in this particular instance her only obligation to Mr. Barnes was to put him in contact with a person who wished to build a house and who was ready, able and willing to perform such contract, and she was not required to extend her efforts any further. Thereafter, it was solely the responsibility of Barnes to obtain such contract as he desired from such person, and Mr. Barnes could, if he so desired, furnish all of the material and labor in the building and construction of such house, and he could, if he so desired, complete such job without acquiring any interest in the real estate upon which such house was to be constructed. Under this record Mrs. Howard fully performed all that she was required to perform under her contract with Mr. Barnes and Mr. Barnes accepted the benefit of the services of Mrs. Howard, and under the contract he made with her he was duty bound to pay her the 5 per cent commission. The fact that the house was to be built on real estate does not, in our view, bring Mrs. Howard's contract within the provisions of the foregoing statute. The nearest case which has been cited to us is Stallings v. Smith, 11 S.W.2d 344, by this court, opinion by the late Chief Justice Gallagher. This case has no writ history. The foregoing case is clear and we think the doctrine stated therein is sound and is applicable here and further comment would be of no avail.

Accordingly, the judgment of the trial court is affirmed.

HALE, J., not participating.