**GALA HOMES, INC., Appellant,**

v.

**E. P. FRITZ, Appellee.**

No. 4382.

Court of Civil Appeals of Texas.

Waco.

Aug. 19, 1965.

Rehearing Denied Sept. 9, 1965.

J. V. Hammett, Lampasas, for appellant.

Robert F. Salter, Byron L. McClellan, Gatesville, for appellee.

WILSON, Justice.

Appellant's suit was to require appellee's specific performance of an alleged contract of sale of realty, or the alternative refund of a down payment. A take-nothing judgment was rendered on the theory the agreement is an option contract, and it was decreed that title was vested in appellee. In our opinion the contract is one of sale of realty, and we reverse.

The written contract recites that appellee Fritz "agrees to convey" and appellant Gala Homes, Inc. "agrees to purchase" 31 city lots described. It provides that "the consideration of said lots is $34,100", of which appellant paid $2585 "as part payment, which sum shall be applied toward the total consideration." It is specified that "the balance of the purchase price is to be due and payable on or before June 30, 1964." Appellee agreed to convey any of the described lots free and clear of encumbrances upon payment of $1100 per lot.

Paragraph IV of the contract provides: "The $2585 down payment shall be construed as liquidated damages in the event Gala Homes fails or refuses to complete this contract on or before its date of maturity and that in any event such sum shall only be applied as part payment for the total contract price and not on any lesser portion. Should Gala Homes fail to purchase all 31 lots under the terms of this contract, then E. P. Fritz shall be entitled to receive $1100 for each lot purchased by Gala Homes and in addition thereto E. P. Fritz shall be entitled to retain the $2585 as additional consideration and damages for the failure of Gala Homes to purchase all 31 lots."

The trial court concluded, as appellee contends, that this was an option contract, and not a contract of sale as appellant urges. It was found that at various times from the execution of the contract in August, 1963 to April, 1964 Gala Homes tendered to Fritz the purchase price of $1100 per lot for 25 of the 31 lots, for each of which Fritz delivered a warranty deed; that Gala Homes failed to tender the purchase price for the remaining six lots here in controversy by June 30, 1964, and that the right to purchase terminated on the latter date, when the option expired. It was concluded that time was of the essence of the agreement because it was an option contract. On July 10, 1964, Gala Homes demanded conveyance of the remaining six lots, tendering $4007.85 in payment therefor. Fritz declined to convey.

Appellee relies on the subsequent conduct of the parties as evidencing their interpretation of the agreement as an option contract. "Where the terms of the contract are plain and unambiguous the construction given it by the contracting parties is ordinarily immaterial." Richardson v. Hart, 143 Tex. 392, 185 S.W.2d 563, 564. Acts of the parties cannot furnish an interpretation contrary to the plain meaning of the contract. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.2d 282, 39 S.W.2d 11, 84 A.L.R. 1269, cert. den. 284 U.S. 675, 52 S.Ct. 130, 76 L.Ed. 571;

Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504.

■ In the present case the question of whether the parties concluded a contract of sale or an option turns largely upon the contractual status of the $2585 down payment, and the consequent rights of the parties thereto upon failure of Gala Homes to purchase all 31 lots. The agreement is clearly a contract of sale except for the provisions concerning this payment. "Its language throughout," as said in Paramount Fire Ins. Co. v. Aetna Casualty & Surety Co., 163 Tex. 250, 353 S.W.2d 841, 843, "is of sale and purchase."

The test for determining the effect of the provisions relating to the down payment as liquidated damages is whether the seller is *"bound"* to accept the sum "for such damages as may be suffered by reason of the nonperformance of the contract" on the purchaser's part, said Chief Justice Gaines in Moss & Raley v. Wren, 102 Tex. 567, 120 S.W. 847. Otherwise he can enforce the contract by requiring specific performance. There, the contract provided that if the purchaser failed to perform by the date specified the initial payment "shall be accepted" by the seller as liquidated damages for the seller's injury. Originally the Supreme Court held, 113 S.W. 739, that the agreement was a contract of sale and specific performance could be enforced. On rehearing, 120 S.W. 847, it was held that it was a contract that the "purchaser should have until a future day to pay the price and accept a conveyance, yet, should he decline for any reason to pay the price and to accept the land," payment of the liquidated damages absolved him from further suit, and specific performance was not available. The vendor was *"bound"* to accept the payment as liquidated damages for nonperformance.

Whether the seller has the mandatory obligation to accept the sum stipulated to be liquidated damages in lieu of the purchaser's further liability, thereby relieving the purchaser of obligation to pay the purchase price, is the established test in Texas for determining the nature of the contract as constituting, or not, an absolute agreement of sale and purchase.

■ It was said in Texlouana Producing & Refining Co. v. Wall, Tex.Com.App., 257 S.W. 875, 878, that the cases are correct which hold the contract is a mere option if there is an express or implied agreement on the part of the vendor to accept liquidated damages in lieu of purchaser's performance. There it was provided the sum paid "shall be forfeited," and it was held there was no provision thereby for liquidated damages required to be accepted, the provision was to secure performance, and specific performance could be required.

■ The determinant criterion is best and most recently summarized in Paramount Fire Ins. Co. v. Aetna Casualty & Surety Co., 163 Tex. 250, 353 S.W.2d 841, 843: whether there is a provision that the vendor *"must"* accept the stipulated fund "in full settlement of the buyer's liabilities for default." In the absence of such provision, the nature of a contract as one of sale is not altered.

■ The present contract clearly does not obligate or require Fritz to accept the down payment of $2585 (which is to be "construed as liquidated damages in the event Gala Homes fails or refuses to complete this contract") in settlement of the purchaser's liabilities. Fritz is afforded a discretionary choice and election. He is *"entitled"* to retain the sum as liquidated damages, but he is not required to do so. The language bears no implication that he is bound to, or "must" accept such sum in satisfaction of the buyer's liabilities. See Redwine v. Hudman, 104 Tex. 21, 133 S.W. 426, 428; Carter v. Smith, Tex.Civ.App., 184 S.W. 244, 246, writ ref. The agreement is a contract of sale; not an option.

■ In an ordinary contract for the conveyance of land in which the purchase money is to be paid at a future day, the

general rule is that time is not of the essence of the contract. Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 598; Shields v. Dunlap, Tex.Civ.App., 174 S.W.2d 642; Copeland v. Bennett, Tex.Civ.App., 243 S.W.2d 264; Herber v. Sanders, Tex.Civ.App., 336 S.W.2d 783. We find nothing in the record to take this case out of that general rule. In our opinion appellant is entitled to specific performance.

The judgment is reversed and the cause remanded to the trial court for rendition of judgment consistent herewith.