**HITCHCOCK PROPERTIES, INC., Appellant,**

v.

**Gary LEVERING and A.S.C. Versailles, Inc., Appellees.**

**No. 01–88–00229–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 13, 1989.

Rehearing Denied Aug. 31, 1989.

---

Jeffrey H. Hubbard, Houston, for appellant.

Guy S. Lipe, Vinson & Elkins, Houston, for appellees.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

WARREN, Justice.

This is a suit to recover a real estate commission for the sale of an option. The trial court granted summary judgment against the appellant-broker, holding that the Real Estate License Act, Tex.Rev.Civ. Stat.Ann. art. 6573a, sec. 20(b) (Vernon Supp.1989) barred appellant's cause of action.

The main question for our determination is whether the Real Estate Licensing Act prohibits the enforcement of an oral agreement to pay a commission for the sale of an option to purchase land.

Before deciding the main issue, we must decide whether the sale of an option to purchase land is a sale of real estate as that term is used in the Act.

Shell Oil Company, as owner, granted appellee Levering an option to purchase 15 acres of land. According to appellant, Levering then orally agreed to pay appellant, a licensed broker, a commission if appellant found a buyer for the option. Appellant claims that he produced Versailles, who bought the option from Levering, who in turn exercised the option as trustee for Versailles, and afterwards conveyed the land to Versailles. Although the option from Shell Oil was labeled "Earnest Money Contract," the parties agree that it was intended to be, and was in fact and in law, an option. We note that the earnest money contract relegated Shell, the landowner, to stipulated liquidated damages in lieu of specific performance, if the sale was not consummated. In Texas, such an agreement is an option. *Gala Homes, Inc. v. Fritz*, 393 S.W.2d 409, 411 (Tex.Civ.App. —Waco 1965, writ ref'd n.r.e.).

The pertinent portion of the Real Estate License Act is set out below:

Actions for compensation or commission

. . .

(b) An action may not be brought in a court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it.

Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 20. "Real estate" is defined in the statute as "a leasehold, as well as any other interest or estate in land, whether corporeal, incorporeal, freehold, or nonfreehold...." Tex. Rev.Civ.Stat.Ann. art. 6573a, sec. 2(1) (Vernon Supp.1989).

The language of the Real Estate License Act, requiring a signed writing in order to recover a commission, is broad enough to include an option in its coverage. Article 6573a requires a writing for actions brought to recover a commission on the sale or purchase of "real estate." The Act defines real estate as "a leasehold, as well as *any other interest* or estate in land, whether corporeal, incorporeal, freehold, or nonfreehold. . . ." Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 2(1) (emphasis added).

The Restatement of the Law of Property describes an interest in land as "rights, privileges, powers, and immunities with regard to specific land, . . . which exist only in a particular person, not possessed by members of society in general." Restatement of Property, ch. 1, sec. 5, comment c. The Restatement gives an illustration of an equitable interest in land arising from the following situation:

> 3. A, the owner of [land], makes a written contract with B whereby A agrees to transfer [the land] to B, and B agrees to pay A $10,000. B immediately acquires *an equitable interest in [the land],* but does not acquire a legal interest in [the land] until [the land] is transferred to him.

Restatement of Property, ch. 1, sec. 6, illus. 3 (emphasis added). Thus, if nothing else, the granting of an option creates an "equitable" interest in land, and the broad language of the Real Estate License Act plainly includes equitable interests in its use of "any other interest in land."

One who owns an option to purchase real property most certainly has an "interest" in specific land not possessed by members of society in general. The Texas Supreme Court has recognized that in general, an option "may be of great importance from a property standpoint." *See Mattern v. Herzog,* 367 S.W.2d 312, 319 (Tex.1963); *Davis v. Campbell,* 524 S.W.2d 790, 791 (Tex.Civ. App.—Dallas 1975), *rev'd on other grounds after remand,* 572 S.W.2d 660 (Tex.1978) ("plaintiff had an interest in the property in the nature of an oral option . . ."). Although several Texas courts have made statements in dicta that might imply

that an option should not be considered an interest in land, those cases involved very different contexts than the present case. No Texas court has expressly held that an option does *not* constitute some kind of interest in land for the purposes of this Act. Given the nature of an option's relation to and limitation over the land optioned, it is no less logically included in the definition of an "interest" in land, than is, for example, an easement, or royalty interest, or a contingent future interest.

The dissent argues that an option is only a personal right to acquire an interest in land, which right itself is not an interest in land. However, we disagree with the dissent's premise that because the option does not operate as a conveyance of title to the property, it cannot constitute *any kind* of interest in land. The cases cited by the dissent in support of this premise all deal with whether *title* to the land passes when an option contract is created, and are not controlling here. Other recognized interests in land do not involve the transfer of title to the land, so this should not be the yardstick by which an "interest in land" is measured.

There are also compelling policy reasons for including options under the broad language of the statute. First, section 3 of the Act provides for specific exemptions from the broad definition of real estate stated in sec. 2(1), and we should not judicially create further exceptions.

Second, excluding options from the requirements of the Act would allow those who are unable to obtain a license or those who have lost their license, to do business as a salesman or a broker by simply dealing in options, without the necessity of a written instrument or a license.

Finally, there is no meaningful distinction between options and other types of interests in land for the underlying purposes of the writing requirement, i.e., preventing fraud and providing certainty and predictability in such business transactions.

 We hold that under the Real Estate License Act, the sale of an option to purchase real estate amounts to the sale of an interest in land, and that art. 6573a, sec.

20 prohibits the recovery of a commission for the sale of an option to purchase real estate unless the agreement is in writing and signed by the party to be charged or by someone authorized by him to sign it.

Appellant's first point of error contending that the court erred in rendering summary judgment is overruled.

In its second point of error, Hitchcock argues that the trial court erred in entering a declaratory judgment for appellees and awarding attorney's fees under the Uniform Declaratory Judgments Act.[1] Hitchcock contends that appellees raised the affirmative defense of statute of frauds and, subsequently, amended their answers and filed a counter-claim seeking a declaratory judgment that they were not liable to Hitchcock for a commission fee pursuant to art. 6573a, sec. 20(b).

█ The Declaratory Judgment Act is not available to settle disputes that are already pending before a court. *Heritage Life Ins. Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229, 235 (Tex.App.—Dallas 1988, writ denied). In *Narisi v. Legend Diversified Investments*, 715 S.W.2d 49, 51–52 (Tex.App.—Dallas, 1986, writ ref'd n.r.e.), the court stated that a counterclaim under the Act that presents no new controversies, but is engineered solely to pave an avenue for the award of attorney's fees, is not proper. However, the court in *Narisi* required the appellant to properly except to the counterclaim or otherwise raise the issue before the judgment was signed. In the instant case, Hitchcock did raise the issue in his answer to appellee Levering's counterclaim.

█ Levering cites *Contact Products, Inc. v. Dixico Inc.*, 672 S.W.2d 607, 610 (Tex.App.—Dallas 1984, no writ), to support the argument that the award of attorney's fees was proper. The court, in *Contact*, did not explicitly require a party to

specially except to pleadings for a declaratory judgment, but did permit recovery of attorney's fees under the Act in a suit to determine the construction of a written agreement. In the instant case, Levering sought a declaratory judgment on his affirmative defense, the statute of frauds, under art. 6573a, sec. 20(b). This action was invoked to determine his rights in the pending suit, and therefore declaratory relief was not proper.

The appellant's second point of error is sustained.

That part of the judgment granting appellee attorney's fees is reversed, and the remainder of the judgment of the trial court granting summary judgment is affirmed.

DUNN, Justice, dissenting.

I respectfully dissent. An option does not operate as a conveyance of title in property. At most, the optionee secures only the right to acquire an interest in land by complying with the terms of the option. *Thermo Products Co. v. Chilton Indep. School Dist.*, 647 S.W.2d 726, 734 (Tex.App. —Waco 1983, writ ref'd n.r.e.); *Lefevere v. Sears*, 629 S.W.2d 768, 770–71 (Tex.Civ. App.—El Paso 1981, no writ); *McCaleb v. Wyatt*, 257 S.W.2d 880, 881 (Tex.Civ.App.— Fort Worth 1953, writ ref'd n.r.e.). The ownership of the property remains in the optionor until the optionee exercises the option. *Whitson Co. v. Bluff Creek Oil Co.*, 278 S.W.2d 339, 342 (Tex.Civ.App.— Fort Worth 1955), *aff'd*, 156 Tex. 139, 293 S.W.2d 488 (1956).

I agree with the majority that a contract for the sale of real estate passes equitable title to the purchaser. *Hamon v. Allen*, 457 S.W.2d 384 (Tex.Civ.App.—Corpus Christi 1970, no writ). However, an option only gives the optionee the right to elect to purchase the property at stated terms with-

---

1. § 37.004. Subject Matter of Relief
 (a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
 (b) A contract may be construed either before or after there has been a breach.
 (Vernon 1986).

in a specified period of time, but with no obligation to do so, so no title passes at the time the option contract is formed, and time is of the essence. *McCaleb v. Wyatt,* 257 S.W.2d at 880. The equitable title that the purchaser acquires in the sales contract situation does not pass to the optionee until he exercises his option. Options and contracts of sale constitute two separate and distinct kinds of agreements. *Lefevere v. Sears,* 629 S.W.2d at 768, 770.

The question remains whether the option contract falls within the broad definition of "real estate" as defined in the Real Estate License Act. The Act defines "real estate" as "a leasehold, *as well as any other interest or estate in land,* whether corporeal, incorporeal, freehold, or nonfreehold, and whether the real estate is situated in this state or elsewhere." Tex.Rev.Civ.Stat. Ann. art. 6573a, sec. 2(1) (emphasis added).

The main thrust of the definition confines itself to "interest or estate in land." The terms "corporeal" and "incorporeal" are descriptive terms. An option is only a right to create an interest in real estate, and not an interest itself. Since the legislature limited the application of sec. 20(b) to sales or purchases of interests or estates in land, I would not extend this limitation to an option, which is only a right to create such an interest. *See Barnes v. Howard,* 317 S.W.2d 117, 119–20 (Tex.Civ.App.— Waco 1958, no writ).

I would conclude that an option is not "real estate," as defined by the act. Consequently, any agreement to pay a commission on the sale of an option is not subject to the requirement of section 20(b) of a signed writing. The Real Estate Act did not, as a matter of law, bar appellant's suit to prove there was an alleged commission agreement.

The majority dispenses with the cases that support that an option is not an interest in land by saying that they all deal with whether "title" passes, and therefore the definition that an option only creates a "right to create an interest" in land does not control. They overlook the supreme court's opinion in *Busby,* which states that:

Such a [option] contract certainly did not operate to vest in Mrs. Busby any *equitable title* to this land when Michael became the purchaser thereof. It merely gave Mrs. Busby an option to purchase. *Michael v. Busby,* 139 Tex. 278, 284, 162 S.W.2d 662, 665 (1942) (emphasis added).

Further, when one party fully performs a contract, the statute of frauds may be unavailable to the other party if he knowingly accepts the benefits and partly performs. *Callahan v. Walsh,* 49 S.W.2d 945, 948 (Tex.Civ.App.—San Antonio 1932, writ ref'd); *Estate of Kaiser v. Gifford,* 692 S.W.2d 525, 526 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Le Sage v. Dunaway,* 195 S.W.2d 729, 731 (Tex.Civ. App.—Waco 1946, no writ). Where there is strong evidence establishing the existence of an agreement and its terms, the party relying on the agreement suffers detriment for which he has no adequate remedy, while the other party, if permitted to plead the statute, would reap an unearned benefit. To apply the statute of frauds then and declare the agreement unenforceable would be to permit use of the statute of frauds to perpetuate fraud. Because section 20(b) is an extension of the statute of frauds, application of the part-performance exception to section 20(b) is proper if its application is consistent with the rationale common to application of the part-performance exception in the statute of frauds. *Carmack v. Beltway Dev. Co.,* 701 S.W.2d 37, 41 (Tex.App.—Dallas 1985, no writ).

There is documentary evidence in the record before this Court establishing the possible existence of part performance (i.e. payment by Levering to Hitchcock of a commission for the sale of two tracts of land that the documents indicate were involved in the same alleged contract). This is evidence of possible part performance.

Hitchcock claims that it contracted with Levering to sell two tracts of land and the "option" held by Levering to purchase certain other realty. He asserts that he secured buyers for the two parcels, and Levering paid him his commission. Additionally, he secured a buyer for the purchase of the option, and Levering refused to pay his commission on this sale.

The record contains Hitchcock's letter to Levering dated April 22, 1981, concerning the status of three "properties" that Levering owned or had optioned. The letter stated that Hitchcock had three parties interested in "either purchasing for cash (one of the parcels of land) and/or paying a premium to you at the time of the exercise of the option of the other two properties to acquire these parcels." The letter further stated that a commission was to be paid "if I am successful in concluding a transaction whereby you convey these properties to an entity that I procure." Hitchcock attached to his letter "an agreement to evidence our understanding regarding a brokerage commission." The attached agreement was not an exclusive listing, but was "only evidence of [Levering's] agreement to pay a brokerage commission if a transaction is completed." That agreement was not signed by Levering or Hitchcock.

The document, entitled "Authority to Sell Real Estate," first lists the property involved as follows:

LEGAL DESCRIPTION:

a) 11.6 acre tract on Almeda Road owned by Levering & Reid.

b) 15.27 acre tract on Cambridge Drive *optioned* by Levering & Reid [Emphasis added.]

c) 9.6 acre on O.S.T. optioned by Levering & Reid.

The agreement then states:

In consideration of the promise of the undersigned Broker ... to use his efforts to obtain a Purchaser for the real property described herein, at the price and terms stated or at any other price and terms acceptable to Owner, Owner grants to Broker the right and authority to offer said real property for sale.

Even if the option involved herein is covered by the statute of frauds, there still remains possible questions of fact to be determined.

I would reverse the judgment and remand the case to the trial court.