Affirmed and Memorandum Opinion filed March 11, 2008








Affirmed and Memorandum Opinion filed March 11, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00816-CR

_______________

 

VINCENT CHUKUEMEKA AGU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                              
                 

On Appeal from the 179th District Court

 Harris County, Texas

Trial Court Cause No. 1080588

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Appellant,
Vincent Chukuemeka Agu, was charged and convicted under the theft provisions of
the Penal Code. In two issues, appellant contends (1) the State improperly
prosecuted him under the general theft provisions of the Penal Code, and (2) he
received ineffective assistance of counsel.  All dispositive issues are settled
in law.  Accordingly, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 

 








I. Background

Appellant
owned and operated a Medicaid case-management business. Appellant purported to
assist children entitled to Medicaid gain access to medically necessary
services.  Auditors referred appellant to the Attorney General=s Medicaid Fraud Control Unit after a
quality assurance check revealed appellant=s billing was suspiciously high. 
Appellant was indicted for acts alleged to have occurred  between April 1, 2002
and August 22, 2003.

Investigators
identified at least seventeen mothers or guardians whose children  allegedly
were provided with services for which appellant over-billed.  The investigators
determined that appellant billed for visits that did not occur.  Apparently, in
conducting his case management services, appellant frequently asked adult
guardians to sign multiple undated forms.  Appellant would subsequently make
unsupportable entries on the billing forms and submit them for reimbursement.
For example, in one case that involved a child entitled to Medicaid services,
appellant presented records purportedly bearing the signature of the child=s grandmother.  However, the
grandmother had suffered a stroke before the date indicated on the form and
could no longer speak or write. The child=s guardian testified that appellant
had not conducted any of the five previously billed visits.  








Additionally,
Michelle Long, a licensed social worker and former case manager, noted
consistent patterns in appellant=s billing practices indicating
fraud.  For instance, appellant generally billed for every child living in the
homes he visited.  However, Long testified that it would be unusual for all the
children in a home to have required appellant=s services.  Further, appellant
frequently closed his case files after billing clients for six visitsCan initial assessment and five
follow-up visits.  Long testified that under the Human Resources Code, Medicaid
case managers may bill for an initial assessment and five follow-up visits
without obtaining prior approval.  Long noted that it was the usual practice of
Medicaid case managers to visit some clients fewer than six times, some clients
exactly six times, and other clients more than six times.  Long suspects fraud
when a case manager bills most of his clients for exactly six visits.  

A jury
found appellant guilty of theft of over one thousand five hundred dollars and
less than twenty thousand dollars.  The verdict also included findings that
appellant was in a contractual relationship with the government at the time of
the offense, and the appropriated property came into his custody, possession,
or control by virtue of the contractual relationship.  The trial court assessed
a sentence of four years= confinement. 

II. Analysis

In two
issues, appellant argues (1) the State violated the in pari materia
doctrine and he was denied due process because he was prosecuted under the
general theft provisions of the Penal Code rather than the Medicaid fraud
provisions of the Human Resources Code, and (2) he received ineffective
assistance of counsel. 

A.        In
Pari Materia Doctrine

In his
first issue, appellant contends he was improperly charged and tried under the
theft provisions of the Penal Code.  Additionally, he contends that he was
denied due process of law because the State failed to charge him under the
Human Resources Code.

Under
the in pari materia doctrine of statutory construction, where a general
statute and a specific statute both proscribe a defendant=s conduct, the defendant must be
charged under the more specific statute.  See Davis v. State, 968 S.W.2d
368, 372 (Tex. Crim. App. 1998).  Statutes in pari materia are to be
taken, read, and construed together; if possible, an effort should be made to
harmonize the provisions, so they can stand together and have concurrent
effect.  Brown v. State, 716 S.W.2d 939, 949 (Tex. Crim. App. 1986).  








Appellant
argues his conviction should be reversed and the indictment dismissed because
he should have been charged under the Human Resources Code, which more
specifically described his conduct.[1]

However,
to preserve a complaint for our review, a party must present a timely request,
objection, or motion stating the specific grounds for the desired ruling if
such grounds are not apparent from the context of the request, objection, or
motion.  See Tex. R. App. P. 33.1(a)(1).  In particular, to challenge
the substance of an indictment under the in pari materia doctrine, a
defendant must object before trial to preserve the complaint on appeal.  See
Tex. Code Crim. Proc. Ann. Art 1.14(b) (Vernon 2005); see also Berrett
v. State, 152 S.W.3d 600, 605 n.2 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d) (finding in pari materia claim
waived due to failure to file motion to quash);  Short v. State, 995
S.W.2d 948, 953 (Tex. App.CFort Worth 1999, pet. ref=d) (holding failure to raise in
pari materia claim before trial waives the complaint for appellate review).

Prior to
trial, appellant did not file a motion to quash the indictment or otherwise 
object to the substance of the indictment.  Appellant=s failure to timely object to the
substance of the indictment under the in pari materia doctrine waived
his complaint on appeal.  








Furthermore,
even if appellant did not waive his in pari materia complaint, we
conclude the State properly charged appellant.  The former version of the Human
Resources Code, applicable to this case, provided, Aif conduct constituting an offense under
this section also constitutes an offense under another provision of law,
including a provision in the Penal Code, the actor may be prosecuted under
either this section or the other provision.@  Act of June 20, 1997, 75th Leg.
R.S., ch. 1153, ' 4.09, 1997 Tex. Gen. Laws 4324, 4349, repealed by Act
of June 15, 2005, 79th Leg., R.S. ch. 806, ' 19, 2005 Tex. Gen. Laws 2778, 2787. 
Consequently, the State had the option of charging appellant under the
provisions of the Penal Code or the Human Resources Code.  Accordingly,
appellant=s first issue is overruled. 

B.        Ineffective
Assistance of Counsel

In his
second issue, appellant contends his counsel was ineffective in six instances
during trial: (1) lack of knowledge and understanding of applicable law; (2)
failure to  timely invoke Athe rule@; (3) failure to object to admission of certain evidence; (4)
deficient cross-examination of witnesses; (5) failure to adequately
investigate; and (6) failure to call meaningful defense witnesses. 

To
prevail on an ineffective-assistance claim, an appellant must prove by a
preponderance of the evidence that: (1) counsel=s performance was so deficient as to
fall below an objective standard of reasonableness; and (2) there is a
reasonable probability that but for counsel=s unprofessional errors, the result
of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  The record must contain evidence showing the reasons for
counsel=s decisions or actions.  Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  When the record is
silent regarding trial counsel=s strategy, we will not find the performance was deficient
unless the challenged conduct was Aso outrageous that no competent
attorney would have engaged in it.@  Goodspeed v. State, 180
S.W.3d 793, 797 (Tex. Crim. App. 2005).

1.         Lack
Of Knowledge of Applicable Law








Appellant
first argues that his counsel=s failure to offer an alternative jury charge under the
Medicaid fraud provisions of the Human Resources Code constituted ineffective
assistance.  However, we presume that counsel is better positioned than an
appellate court to determine trial strategy and that counsel Amade all significant decisions in the
exercise of reasonable professional judgment.@  See Delrio v. State, 840
S.W.2d 443, 446 (Tex. Crim. App. 1992) (citing Strickland, 446 U.S. at
690).  When there is a possibility that an attorney=s decision was based on objectively
reasonable trial strategy and the reasons for his acts or omissions are not in
the record, we must defer to the attorney=s judgment.  See Goodspeed,
180 S.W.3d at 797.

In this
case, the reasons for counsel=s actions do not appear in the record.  However, counsel
could have had a legitimate strategic purpose for not requesting an
alternative  jury charge.  To convict appellant under the theft statutes, the
State was required to prove that appellant unlawfully appropriated property
with intent to deprive the owner of the property.  See Tex. Pen. Code
Ann. ' 31.03(a).  The applicable version of the Human Resources Code proscribed
knowingly or intentionally making or causing to be made a false statement or
misrepresentation of a material fact on an application for a contract, benefit,
or payment under the Medicaid program.  See Act of June 17, 2005, 79th
Leg., R.S. ch. 806 ' 3, 2005 Tex. Gen. Laws 2779B80 (amended 2007).  Appellant=s counsel could have believed the
State=s evidence failed to satisfy
applicable provisions of the Penal Code but did satisfy the applicable
provisions of the Human Resources Code.  Consequently, appellant has not
overcome the presumption that counsel=s representation was adequate.  See
Goodspeed, 180 S.W.3d at 797.

2.         Failure
to Invoke the Rule








Appellant
further argues he received ineffective assistance because his counsel failed to
timely invoke the rule.  See Tex. R. Evid. 613.  The State=s first witness was Carol Benchouia,
a business analyst employed by Texas Medicaid and Health Care Partnership.
Before counsel invoked the rule, Benchouia testified regarding her job
description, the basic billing process for Medicaid claims, the process for
review of claims, and the content of a claim form.

Even if
appellant=s counsel was deficient, we cannot conclude appellant was prejudiced to
such a degree that he was denied a fair trial.  The rule is designed to prevent
a witness from changing her testimony based on hearing the testimony of other
witnesses at trial.  See Webb v. State, 776 S.W.2d 236, 239 (Tex. Crim.
App. 1989).  Where witnesses= testimony does not coincide, a defendant suffers no harm
from his counsel=s failure to invoke the rule.  See Hernandez v. State,
791 S.W.2d 301, 306 (Tex. App.CCorpus Christi 1990, pet. ref=d).  Appellant has failed to
demonstrate that Benchouia=s testimony coincided with the testimony of any later
witnesses, or that appellant was otherwise  prejudiced by counsel=s failure to invoke the rule prior to
Benchouia=s testimony.  Therefore, counsel=s failure to timely invoke the rule
did not render his assistance ineffective.

3.         Failure
to Object To Admission of Evidence

Appellant
next argues that his counsel was ineffective by failing to object to the
following allegedly inadmissible evidence: (1) Sharon Thompson=s testimony regarding an electronic
fund transfer authorization form, a quality assurance review, and the purpose
of the Medicaid system; and (2) photographs depicting appellant=s house and dwellings of Medicaid
recipients.  

However,
an attorney=s decision whether to object is inherently tactical.  See Taylor v.
State, 947 S.W.2d 698, 704 (Tex. App.CFort Worth 1997, pet. ref=d).  Moreover, where the record is
silent regarding the reasons for counsel=s decisions, an appellant cannot
overcome the presumption that his attorney rendered adequate assistance.  See
Bone, 77 S.W.3d at 833.  Here, the reasons for counsel=s decisions are not demonstrated in
the record.  Consequently, appellant has failed to overcome the presumption
that his attorney=s assistance was reasonable. 








4.         Counsel=s Cross-Examination

Appellant
further contends his trial counsel=s allocation of time in
cross-examining witnesses rendered his representation ineffective because he
focused on the Awrong legal issues.@  However, proper trial strategy
includes cross-examination with an intent to discredit witnesses by pointing
out inconsistencies.  See Josey v. State, 97 S.W.3d 687, 696 (Tex. App.CTexarkana 2003, no pet.).  Appellant=s trial counsel cross-examined the
State=s witnesses by addressing
inconsistencies in their testimony and attempting to raise doubt regarding the
accuracy of their recollection.  Moreover, the record is silent regarding the
reasons appellant=s counsel spent extra time cross-examining witnesses about
the specific amount of time appellant spent with each child. Further, the
premise that other counsel would have tried the case differently does not
demonstrate ineffective representation.  See Ingham v. State, 679 S.W.2d
502, 509 (Tex. Crim. App. 1984).  Accordingly, we cannot conclude that
appellant has overcome the presumption of adequate assistance.

5.         Counsel=s Investigation of Facts

Appellant
further contends his trial counsel failed to adequately investigate the facts
of his case.  Appellant notes his trial counsel was unaware of a diary kept by
Veronica Rivers, in which she recorded the dates appellant visited her
children, and his counsel failed to investigate and develop mitigating
evidence.   








A
criminal defense lawyer has a duty to make an independent investigation of the
facts of a case, which includes seeking out and interviewing potential
witnesses.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App.
1990).  A breach of the duty to investigate may result in a finding of
ineffective assistance where the result is that any viable defense available to
the accused is not advanced.  Ex parte Ybarra, 629 S.W.2d 943, 946 (Tex.
Crim. App. 1982).  However, the record before us is silent regarding any
investigation counsel made into the facts of this case.  Consequently,
appellant has failed to overcome the presumption of reasonable assistance.  See
Goodspeed, 180 S.W.3d at 797.

6.         Defense
Witnesses

Finally,
appellant contends his trial counsel failed to call any meaningful defense
witnesses.  However, appellant=s counsel called six witnesses, in addition to appellant, to
testify in his defense.  Moreover, counsel=s failure to call witnesses at the
guilt/innocence stage of trial is irrelevant absent a showing that such
witnesses were available and appellant would have benefitted from their
testimony.  See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App.
1983).  Appellant argues his counsel should have called witnesses who were
satisfied with his services, but he does not identify whether any such
witnesses were available, or whether appellant would have benefitted from their
testimony.  Consequently, appellant has not demonstrated that his counsel=s failure to call additional defense
witnesses constituted ineffective assistance.

7.         Conclusion

We
conclude appellant failed to demonstrate his counsel=s performance was deficient or that
any arguably deficient performance prejudiced the defense to such a degree that
appellant was deprived of a fair trial.  Appellant=s second issue is overruled.  

Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed March 11, 2008

Panel consists of Justices Fowler,
Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]   Compare Act of June 17, 2005, 79th Leg.,
R.S. ch. 806 ' 3, 2005 Tex. Gen. Laws 2778, 2779B80 (amended 2007) (current version at Tex. Hum. Res.
Code Ann. ' 36.002 (Vernon Supp. 2007)) (AA person commits an unlawful act if the person: (1)
knowingly makes or causes to be made a false statement or misrepresentation of
a material fact . . . on an application for a contract, benefit, or payment
under the Medicaid program . . .@); with
Tex. Pen. Code Ann. ' 31.03 (a)
(Vernon 2003 & Supp. 2007) (AA
person commits an offense if he unlawfully appropriates property with intent to
deprive the owner of property.@).