

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00048-CV

**FDP, LP** and Larry Friesenhahn,
Appellants

v.

Robert **MARX** and Debbie Marx,
Appellees

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 17-07-0416-CVW
Honorable Polly Jackson Spencer, Judge Presiding[1]

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Luz Elena D. Chapa, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 23, 2022

AFFIRMED

FDP, LP and Larry Friesenhahn (collectively "FDP") appeal from the trial court's

judgment in favor of Robert and Debbie Marx. We affirm.

The factual background of the dispute between FDP and the Marxes is detailed in our

previous opinion, *Marx v. FDP, LP*, 474 S.W.3d 368 (Tex. App.—San Antonio 2015, pet. denied).

After mandate issued in the previous appeal, the Marxes executed a Warranty Deed with Vendor's

---

[1]Sitting by assignment

Lien, which contained an option to purchase the Marxes' homestead property. The deed, which conveyed 417.355 acres to FDP, contains the following option provision:

> Option: Grantor [the Marxes] hereby grants to Grantee [FDP] the exclusive option to purchase the Homestead Property, described on the attached Exhibit "C," for the price of $500,000.00, for the period of 120 days from the earlier of: (i) written notice from the Grantor; (ii) the death of the last surviving Grantor; (iii) or the expiration of eight (8) years [from] the effective date of this Warranty Deed with Vendor's Lien.

Thereafter, FDP sued the Marxes for breach of contract,[2] alleging that Robert Marx had removed fixtures from the Homestead Property and had announced that he intended to remove additional fixtures from the property. FDP alleged that it sought "an order of specific performance ordering [the Marxes] to perform the agreements made with [FDP], including but not limited to preserving the property [that] is the subject of the exclusive option agreement, and to maintain security over the premises." FDP further prayed for permanent injunctive relief over "any farm and ranch improvements or fixtures on or about" the Homestead Property. In response to the lawsuit, the Marxes filed a counterclaim, seeking declaratory relief under the Texas Uniform Declaratory Judgments Act. They further alleged (1) FDP had no standing to bring its claims, and (2) the doctrine of merger by deed barred FDP's suit.

The Marxes then moved for partial summary judgment, arguing first that the doctrine of merger by deed barred FDP's breach of contract claim because the "Pre-Judgment Agreements"[3] that were entered into before the first lawsuit and appeal were merged into the subsequent warranty deed filed by the Marxes. The Marxes further argued that because an option provision in the warranty deed does not give FDP a legal or equitable interest in the Homestead Property, FDP

---

[2]Larry Friesenhahn also sued Robert Marx for assault and fraud but nonsuited those claims before the jury trial.
[3]These agreements included the original "Farm and Ranch Contract," the "Mediated Settlement Agreement," the arbitration ruling and confirmation of arbitration award.

lacked standing to bring its breach of contract claim. After considering the Marxes' motion, the trial court granted partial summary judgment in favor of the Marxes and decreed the following:

1. That [FDP] take nothing on [its] claims for damages or injunctive relief based upon any breach of the Pre-Judgment Agreements, as that term is defined [in] the [Marxes's motion for partial summary judgment], as such claims are barred by the [d]octrine of [m]erger.

2. That [FDP] take nothing on [its] claims for monetary damages based upon damage to the personal property and/or real property to be conveyed, if and when [its] option is exercised, as [FDP] do[es] not have a legal or equitable interest in the [Marxes'] property sufficient to provide standing to recover monetary damages for its loss.

3. That [FDP is] not entitled to injunctive relief to preserve the personal property and/or real property to be conveyed, if and when [its] option is exercised, as [FDP has] not legal or equitable interest in that property sufficient to provide standing to obtain injunctive relief for its protection.

After the trial court granted partial summary judgment, the remaining issue of attorney's fees was decided by a jury. The trial court then signed a final judgment that incorporated its partial summary judgment and awarded the Marxes attorney's fees pursuant to section 37.009 of the Texas Civil Practice and Remedies Code in the amount of $41,709.38 for trial, with additional attorney's fees to be paid if FDP appealed.

On appeal, FDP argues the trial court erroneously granted summary judgment in favor of the Marxes. According to FDP, "[a]s a matter of law, the Marxes do not have the right to destroy or remove the real property covered by the option, and FDP has standing to sue for the destruction and threatened destruction of the Homestead Property." In support of this assertion, FDP first argues the holder of an option to purchase property has "the right to compel a sale of property on the stated terms before the expiration of the option." *Riley v. Campeau Homes (Tex.), Inc.*, 808 S.W.2d 184, 188 (Tex. App.—Houston [14th Dist.] 1991, writ dism'd pursuant to agreement). Second, FDP argues "[a]n option to purchase land creates an interest in land." *Madera Prod. Co. v. Atlantic Richfield Co.*, 107 S.W.3d 652, 600 (Tex. App.—Texarkana 2003, pet. denied in part,

pet. dism'd in part). Third, FDP argues that an optionor fails to perform his obligations under the deed if his actions prevent the completion of the sale. *See Colligan v. Smith*, 366 S.W.2d 816, 820 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.).

We agree with the general proposition that FDP, at the time the option period is triggered, may compel the Marxes to sell the Homestead Property as stated in the option provision in the warranty deed before expiration of the option period. *See Riley*, 808 S.W.3d at 188. We further agree that "[o]ne who owns an option to purchase real property most certainly has an 'interest' in specific land not possessed by members of society in general." *Hitchcock Props., Inc. v. Levering*, 776 S.W.2d 236, 238 (Tex. App.—Houston [1st Dist.] 1989, writ denied). However, as explained by the supreme court, "[a]n option agreement does *not pass title or convey an interest in property*." *N. Shore Energy v. Harkins*, 501 S.W.3d 598, 605 (Tex. 2016) (per curiam) (emphasis added). Finally, we agree with the "general rule that an optionor who has given the right to purchase property within a specified time may not commit any act or omit to perform any duty calculated to cause the optionee any delay in exercising the right." *Colligan*, 366 S.W.2d at 820.[4] However, these general statements of law cited by FDP simply do not support FDP's assertion that the Marxes *owe a duty to not remove or destroy any fixtures* on the Homestead Property before the option period is triggered. We note that FDP has not cited any caselaw supporting this specific assertion.

---

[4]For example, in *Elliott v. Lewis*, No. 05-91-01216, 1994 WL 709333, at *1 (Tex. App.—Dallas 1994, no writ), the parties executed a residential lease agreement with an option to purchase the property after the one-year lease terminated. At the end of the lease and prior to the option period ending, the optionor wrote a letter to the optionee's lenders that "troubled both lenders," causing the lenders to worry the optionor was no longer willing to sell her property. *Id*. at *2. The optionor then told the optionee that she was still willing to sell, but that she would not sign anything to reassure the lenders, resulting in the optionee failing to secure financing until after the option period ended. *Id*. The optionee then sued for specific performance. *Id*. at *3. The court of appeals held that the optionee's failure to tender the purchase price during the option period was excused because of the optionor's actions. *Id*. at *5. The court noted that an optionor "may 'not commit any act or omit to perform any duty' that would cause the optionee not to exercise the option." *Id*. (quoting *Colligan*, 366 S.W.2d at 820).

"An option contract has two components: (1) an underlying contract that is not binding until accepted, and (2) a covenant to hold open to the optionee the opportunity to accept." *N. Shore Energy*, 501 S.W.3d at 606 (quoting *Faucette v. Chantos*, 322 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). An option contract involving real estate typically gives the optionee the right to elect to purchase the property at stated terms within a specified period of time, but with no obligation to do so. *Lefevere v. Sears*, 629 S.W.2d 768, 770 (Tex. Civ. App.—El Paso 1981, no writ). As such, an option contract is considered unilateral in nature and does not become a binding, bilateral contract unless and until the prospective buyer exercises the option. *Colligan*, 366 S.W.2d at 820; *see N. Shore Energy*, 501 S.W.3d at 606 (explaining that option contract is not binding until accepted). Because it is not binding until accepted, an option contract does not pass title or convey any interest in the property at the time it is formed. *N. Shore Energy*, 501 S.W.3d at 605; *Knox v. Brown*, 277 S.W. 91, 94 (Tex. [Comm'n Op.] 1925). It merely gives the optionee the option to purchase property or execute a lease within a certain time period. *Knox*, 277 S.W. at 94; *Faucette*, 322 S.W.3d at 907.

In applying these legal principles, we conclude the option provision in the warranty deed does not grant possession or title of the Homestead Property to FDP. The option provision merely gives FDP the option to purchase the Homestead Property at a certain time. *See N. Shore Energy*, 501 S.W.3d at 606. While FDP's option to purchase the Homestead Property gives FDP "an 'interest' in [the Homestead Property] not possessed by members of society in general," *Hitchcock*, 776 S.W.2d at 23, it does "*not pass title or convey an interest in property*," *N. Shore Energy*, 501 S.W.3d at 605 (emphasis added). We note that FDP urges us to analyze an option contract in the same manner as a life estate, where a life tenant has the obligation to upkeep and repair the real property and owes a duty not to destroy the property. *See Knopf v. Gray*, 545 S.W.3d 542, 546 (Tex. 2018). However, when a person grants another a life estate in his property, he retains a

reversionary interest in the property. *See El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798, 802 n.7 (Tex. 2013). In contrast, an option contract does not pass title or convey an interest in property. *N. Shore Energy*, 501 S.W.3d at 605. Thus, the duties a life tenant owes are not comparable to the facts presented here.

We find no support for FDP's assertion that the Marxes owe any duty to not remove fixtures until the option period is triggered. Accordingly, we conclude FDP has no standing to bring its suit against the Marxes. *See N. Shore Energy*, 501 S.W.3d at 606 (holding that "because an option contract does not grant possession or title to property, even if the Option Agreement had granted North Shore the exclusive option to explore the land, North Shore would not have standing to sue Dynamic for trespass because North Shore does not have a possessory interest in the land via the Option Agreement").

## CONCLUSION

Having determined that FDP has no standing as a matter of law to bring its lawsuit against the Marxes, we need not consider the other independent ground in support of the summary judgment, the doctrine of merger. Further, we need not consider FDP's alternative issue regarding the award of attorney's fees. We affirm the trial court's judgment.

Liza A. Rodriguez, Justice